GILES EVERSON, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

| 100 | 577 |
|-----|-----|
| 116 | 100 |
| 100 | 577 |
| 120 | 186 |

In order to make a municipal corporation liable for an unlawful levy and sale of property to pay a tax, it must be made to appear that the acts of the collector were authorized by the corporation, or were subsequently ratified by it in such a manner as to make it liable therefor *ab initio.*

A tax-roll and two warrants, one issued by the proper officer of the city of S. (defendant), the other by the board of supervisors of the county, were delivered to a constable duly authorized to collect the city, county and local assessments. The warrants directed the constable to collect from persons named in the schedule annexed and in the assessment and

tax-roll the sums opposite their names, being the amounts assessed to them. In the schedule and assessment-roll the name of plaintiff did not appear, but to collect a tax which did appear thereon assessed to other persons, plaintiff's property was levied upon and sold. The check given by the purchaser was paid into the city treasury by the constable. *Held*, that an action for an unlawful conversion of the property was not maintainable against the city ; that the city was not bound by the tortious acts of the officer outside of the directions given in the warrants ; that the receipt of the proceeds of sale, in the absence of notice that the collection had not been made from the proper person was not a ratification of the unlawful acts of the officer; nor was a resolution of the common council agreeing to save the constable harmless in collecting the tax, in case he proceed in such collection according to law, an authorization or adoption of any illegal or tortious act committed by him.

Also *held*, that a refusal of the mayor of the city to pay on demand of the plaintiff the value of the property seized and sold was not a ratification.

Resort may be had to evidence given on a trial showing facts not found, for the purpose of sustaining the decision of a referee, but not to reverse it where there was no request and refusal to find.

(Argued October 30, 1885; decided December 8, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 14, 1883, which reversed a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover for the alleged unlawful taking and conversion of certain property belonging to plaintiff.

The referee found in substance the following facts :

In the year 1876 the assessors of the city of Syracuse assessed certain real estate, situate in the Sixth ward in that city, to Allen Munroe and two other persons, who then owned the same as tenants in common ; Munroe being the owner of an undivided three-eighths thereof. After the assessment, and on or about the 22d of August, 1876, Munroe sold and conveyed his interest in the property to the plaintiff and one Jacob Crouse who then entered into, and ever since have been in the possession thereof. In October following, the city taxes of that year were extended by the common council, and in De-

cember the State and county taxes were extended by the board of supervisors of the county. The owners of the other five-eighths of the property paid their proportionate share of the tax, leaving the three-eighths which was assessed to Munroe unpaid.

In March, 1877, the common council by resolution approved of the selection of one Booth to collect city, county and local assessments, remaining unpaid, and thereupon the tax-roll and two warrants were delivered to him, one executed by the board of supervisors, the other by the common council directing him to collect from "the several persons * * * named in the schedule hereunto annexed (and named upon the assessment and tax-roll of the Sixth ward of said city for the year 1876) the several sums mentioned opposite their names," etc. In the schedule and the assessment-roll the names of the persons assessed for the taxes in question were stated as "Townsend, Lansing and Allen Munroe." Booth levied upon and sold the property in question, which was then on the premises, but in plaintiff's possession.

Further facts are stated in the opinion.

*Louis Marshall* for appellant. All proceedings relating to the assessment of the property, the levying of the taxes, for the collection of which warrants were issued, were regular and valid in every respect, and the taxes when levied became a valid lien upon the property to which they related, and which was owned by the plaintiff at the time of the collection of the taxes. (*Barlow* v. *St. Nicholas Bk.*, 63 N. Y. 399; *Rundell* v. *Lakey*, 40 id. 514.) This action, being one sounding in tort, based upon the alleged wrongful conversion by Booth of plaintiff's property, cannot be maintained against the defendant, the act of Booth being unauthorized by it, and being directly contrary to express instructions. (*W. R. R. Co.* v. *Nolan*, 48 N. Y. 518; Cooley on Torts, 129; *Wilson* v. *Tumman*, 6 M. & G. 244; *Whitmore* v. *Green*, 13 M. & W. 104; *Walley* v. *McConnell*, 13 Q. B. 911; *Averill* v. *Williams*, 1 Den. 501; 4 id. 295; *Welsh* v. *Cochran*, 63 N. Y. 181;

*Campbell* v. *Brown,* 2 Wood's C. C. 349; *Hyde* v. *Cooper,*
26 Vt. 552; *Lewis* v. *Reed,* 13 M. & W. 834; *Roe* v. *B. Ry.
Co.,* 7 Exch. 36; *Lorillard* v. *Monroe,* 11 N. Y. 392; *Chegaray*
v. *Mayor, etc.,* 13 id. 221; *Bank of Commonwealth* v. *Mayor,
etc.,* 43 id. 184; *Newman* v. *Livingston Co.,* 45 id. 682; *De
Grauw* v. *Supervisors,* 13 Hun, 385; *McLanahan* v. *Syra-
cuse,* 18 id. 259; *Fox* v. *Northern Liberties,* 3 Watts & Serg.
103; *Wallace* v. *Menasha,* 48 Wis. 79.) It must appear that
the officers were expressly authorized to do the acts by the city
government, or that they were done *bona fide* in pursuance of
a general authority to act for the city on the subject to which
they relate; or that in either case the act was adopted and
ratified by the corporation. (*Thayer* v. *City of Boston,* 19
Pick. 511; 2 Dill. on Mun. Corp. 3d ed.], § 972; *Boom* v.
*City of Utica,* 2 Barb. 104; *N. Y. & B. S. M. Co.* v.
*Brooklyn,* 71 N. Y. 580; *Vanderbilt* v. *R. T. Co.,* 2 id. 479;
*Lorillard* v. *Monroe,* 11 id. 392; *Chegaray* v. *Mayor, etc.,* 13
id. 222; *McLanahan* v. *City of Syracuse,* 18 Hun, 259;
*People* v. *Esopus,* 74 N. Y. 310.) A municipal corpora-
tion is not liable for the misfeasance or non-feasance of
one of its officers, in respect to a duty specifically imposed
by statute upon him. (*Martin* v. *Mayor, etc.,* 1 Hill, 145;
*Lorillard* v. *Mayor, etc.,* 11 N. Y. 392; *Maximilian* v.
*Mayor, etc.,* 62 id. 160; *Ham* v. *Mayor, etc.,* 70 id. 459;
*Smith* v. *City of Rochester,* 76 id. 506; *Walcott* v. *Swamscott,*
1 Allen, 191; *Bank of Chemung* v. *City of Elmira,* 53 N.
Y. 53; *Weismer* v. *Village of Douglas,* 64 id. 105; *Horton* v.
*Thompson,* 71 id. 524.) The property of the plaintiff was
rightfully seized by virtue of the warrant held by Booth,
because he was one of the owners of the real estate upon
which the taxes were assessed when they became a lien thereon,
and he was, therefore, one of the persons, who, within the
meaning of the Revised Statutes, "ought to pay the same."
(*Barlow* v. *St. Nicholas Bank* 63 N. Y. 399; *Dowdney* v.
*Mayor, etc.,* 54 id. 186; *Buel* v. *Boughton,* 2 Den. 92; *Bar-
ber* v. *Carey,* 11 Barb. 549; *Nelson* v. *Mayor, etc.,* 63 N. Y.
544; *State* v. *Phœnix Bank,* 33 id. 9; *Swift* v. *Poughkeepsie,*

37 id. 511; *Foster* v. *Van Wyck*, 4 Abb. [N. S.] 409; *Sheldon* v. *Van Buskirk*, 2 N. Y. 478; 2 R. S. [7th ed.] 1008, § 2.)

*M. M. Waters* for respondent. The signing of the warrants, receiving the money into the treasury, applying the same in satisfaction of the taxes, as well as the seizure of the property by virtue of the warrants, were corporate acts. (*Conrad* v. *Villaye of Ithaca*, 16 N. Y. 158; *Newman* v. *Supervisors, etc.*, 45 N. Y. 576.) A municipal corporation is liable in an action of tort for the tortious acts of its officers if it appear either that the officer was expressly authorized to do the act, or that the acts were done *bona fide* in pursuance of a general authority to act for the corporation on the subject in relation to which they were performed. (*Lee* v. *Sandy Hill*, 40 N. Y. 442; *B. & H. T. Co.* v. *Buffalo*, 58 id. 639; *N. Y. & B. S. M. & L. Co.* v. *Brooklyn*, 71 id. 580; *Conrad* v. *Trustees of Ithaca*, 61 id. 158.) It is no defense that the acts of the officer were not authorized by the warrants under which he acted. (*Howell & Co.* v. *Buffalo*, 15 N. Y. 512; *Bennett* v. *Buffalo*, 17 id. 383; *N. Bank of Chemung* v. *City of Elmira*, 53 id. 49.) The authority to the collector contained in the warrant " to levy, etc., by distress and sale of the goods and chattels of the delinquent, or of any goods and chattels in his, her or their possession," does not authorize the seizure of the property of any person not named in the assessment and tax-roll, which property is in possession of the owner. (*L. S., etc.,* v. *Roach*, 21 Alb. L. J. 258; 80 N. Y. 339.) The person who was not assessed and whose name did not appear either in the warrants, assessment or tax-roll, is not the person who ought to pay the same. (*Randell* v. *Lakey*, 40 N. Y. 513.) The collector's act in seizing property of persons not named in the warrant cannot be justified on the ground that plaintiff purchased August 22, 1876, after the assessment. (40 N. Y. 513; Burr. on Tax. 258.) The answer is itself a ratification of all the unlawful acts, or as it claims and asserts them to be lawful acts, claims the benefit of them, and acknowledges the receipt of the fruits of the conversion, and this

with full notice of all the facts. (*Herman* v. *Gilbert*, 8 Hun, 253; Dill. on Corp., § 972; *L. S. & M. S. R. R. Co.* v. *Roach*, 80 N. Y. 339.) The test by which to determine whether this act of the officer was a corporate act has been said to be determined by the question, " where the acts are done for the public benefit or for the defendant in its private corporate character." (*Maximillian* v. *Mayor, etc.*, 62 N. Y. 160.)

RAPALLO, J. It may be conceded that, for the reasons stated in the opinion at General Term in this case, the personal property of the plaintiff was unlawfully seized and sold for the payment of the tax in question herein, and that if this action had been brought against the constable who made the seizure and sale, he would have been liable. But whether the city of Syracuse is liable for his acts is a different question, which is not touched upon in the opinion of the court at General Term. The decision of the learned referee dismissing the complaint appears to have been reversed on the sole ground that the plaintiff was not personally liable for the tax, and that his property had been unlawfully taken for its payment.

To entitle the plaintiff to recover against the city for this wrong it was necessary to show further that the acts of the constable committing it were authorized by the corporation of the city, or had been subsequently ratified by it in such manner as to make it liable therefor *ab initio*.

The only authority from the city to the constable found by the referee was that Booth, who made the seizure and sale, was one of the constables of the city of Syracuse; that the common council of that city had, on the 19th of May, 1877, approved of his selection as one of the officers to collect the city, county and local assessments and taxes remaining unpaid for the fiscal year 1876, and that thereupon the tax-roll and two warrants, one executed by the board of supervisors and the other by the common council of said city, were delivered to said constable for the collection of said taxes.

By these warrants, which were proven to have been issued by the tax receiver and treasurer of the city, the constable was

directed to collect from the persons named in the schedule thereto annexed, and named upon the assessment and tax-roll of the Sixth ward of the city for the year 1876, the several sums mentioned opposite to their names, being the amounts assessed to them respectively, with the fees, etc., and, in default of payment, to levy the same by distress and sale of the goods and chattels of the delinquent, according to said assessment and tax-roll, and of any goods and chattels in his possession in the city of Syracuse.

In the assessment-roll and in the schedules attached to the warrants the names of the persons assessed for the taxes in question were stated to be Townsend, Lansing and Allen Munroe. The name of the plaintiff does not appear in either. And it was found by the referee that at the time of the seizure the property seized belonged to the plaintiff and was in his possession. The only other fact found by the referee tending to establish a liability on the part of the city was that the purchasers of the plaintiff's chattels at the constable's sale gave their check to him for the amount of the unpaid city and county taxes which was paid in by said constable to the deputy treasurer in the treasurer's office.

Upon these facts the conclusion of the referee was that an action for the tortious taking and conversion of the property of the plaintiff, could not be maintained by the plaintiff against the defendant in this action, and that the complaint should be dismissed.

These findings of fact disclose no error in this conclusion. No direction or authority from the city to the constable appears except the warrants, and they certainly did not authorize the constable to take the property of the plaintiff. The city, therefore, was not bound by the tortious act of the officer outside of the authority conferred upon him by his warrant. The payment of the proceeds of the sale to the city treasurer, or his deputy, unaccompanied by any notice to them, or either of them, that the collection had not been made from the proper persons, or their property, but had been made by the unlawful seizure of the plaintiff's property, would not, even if those

officials had power, in view of the provisions of its charter, to bind the city in that manner, have been a ratification of the illegal acts of the constable, and the conclusion of the learned referee that, upon the facts, the city was not liable for such acts, was clearly correct.

Some other facts appeared in evidence which it is claimed show a ratification of the acts of the constable, but these facts are not available to the plaintiff for the purpose of sustaining the reversal by the General Term. It not being stated in the order of reversal that it was made on any question of fact, it must be deemed to have been made on questions of law only, and so regarded was clearly erroneous. The facts now referred to were not found by the referee, and there was no request to find them. Resort can be had to the evidence for the purpose of sustaining the decision of the referee, but not for the purpose of reversing it. But even if the facts appearing in the evidence could be resorted to they would not aid the plaintiff. The resolution of the common council agreeing to save the constable harmless was in express terms conditioned that he proceed in such collections according to law, and did not authorize or adopt any illegal or tortious act committed by him. Nor was the refusal of the mayor of the city to comply with the demand made upon him by the plaintiff in May, 1877, a ratification. That demand was for the immediate payment to the plaintiff, not merely of the money collected out of his property for the city tax, but of the entire value of the property seized and sold by the constable, which largely exceeded the amounts collected both for the city and the county taxes. A refusal comply with such a demand was not a ratification of the tious and illegal act of the constable. No other fact app the case in any form upon which to predicate a liabil city in this action.

The order of the General Term should be rev judgment entered on the report of the refer costs.

All concur, except RUGER, Ch. J., not
Order reversed, and judgment affir