WILLIAM W. TEALL, Respondent, v. THE CITY OF SYRA-
CUSE, Appellant.

Where a municipal corporation, acting through its officers, in the execu-
tion of a power conferred upon it to collect a tax assessed upon a par-
ticular citizen, enforces its collection out of the property of another, in
no wise liable therefor, and appropriates the proceeds of collection to its
own use, with full knowledge of the illegality of the proceedings, it
becomes liable to the the owner for the spoilation of his property.

In an action to recover of defendant the money received into its treasury
through proceedings taken to collect a tax assessed upon the stock-
holders of a bank, doing business within its corporate limits, it appeared
that the property levied upon and sold by defendant was not the property
of the stockholders, but of the bank. By defendant's charter, its mayor is
its executive head and clothed with the duty and power of supervision of
it and its officers in all departments. Its treasurer and tax receiver are
intrusted with the duty and power of collecting taxes and keeping the
moneys for the defendant. The collector was directed, when he
received the warrant from the treasurer and tax receiver, to go to the
bank and levy upon everything in the bank, to make the levy and sale
of its property, and the mayor was so informed and the treasurer
received the tax from the collector, knowing that it was obtained by such
levy and sale. Held, that the plaintiff was entitled to recover; that the
proceedings of defendant's officers in collecting the tax were unlawful;
and that knowledge thereof was justly imputable to defendant.

Also, held, that defendant's knowledge of the illegal levy and sale relieved
plaintiff from demanding the money before bringing this action.

Also, held, that the action, being for money had and received, the Statute
of Limitations did not begin to run until defendant had received the
money.

(Argued March 10, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made the third Tuesday of April, 1887, which affirmed a judg-
ment in favor of plaintiff, entered upon a decision of the court
on trial without a jury.

The facts are sufficiently stated in the opinion.

*W. P. Gannon* for appellant. There can be no recovery
in this case against the defendant, since the act of Booth

was unauthorized by it, was directly contrary to his instructions and was not ratified by the defendant. (*Everson* v. *City of Syracuse*, 100 N. Y. 577; *W. R. R. Co.* v. *Nolan*, 48 id. 518; *Cooley on Torts*, 129; *Wilson* v. *Tumman*, 6 M. & G. 244; *Whitmore* v. *Green*, 13 M. & W. 104; *Walley* v. *McConnell*, L. R. [13 Q. B.] 911; *Averill* v. *Williams*, 1 Den. 501; 4 id. 295; *Welsh* v. *Cochran*, 63 N. Y. 181; *Campbell* v. *Brown*, 2 Wood [C. C.], 349; *Hyde* v. *Cooper*, 26 Vt. 552; *Lewis* v. *Reed*, 13 M. & W. 834; *Roe* v. *B. R. Co.*, 7 Exch. 36; *Freeman* v. *Ritchie*, 13 Ad. & El. [N. S.] 780; *Perley* v. *Town of Georgetown*, 7 Gray, 464; *Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Chegary* v. *Mayor, etc.*, 13 id. 231; *Bank* v. *Mayor, etc.*, 43 id. 184; *Newman* v. *Livingston Co.*, 45 id. 682; *McLanahan* v. *City of Syracuse*, 18 Hun, 259; *Wallace* v. *City of Menasha*, 48 Wis. 79; *Thayer* v. *City of Boston*, 19 Pick. 511; 2 Dillon on Mun. Corp. [3d ed.] § 972; *Boom* v. *City of Utica*, 2 Barb. 204; *N. Y. & B. S. M. Co.* v. *City of Brooklyn*, 71 N. Y. 520; *Teall* v. *City of Syracuse*, 32 Hun, 332; *People ex rel.* v. *Esopus*, 74 N. Y. 310; *Horton* v. *Town of Thompson*, 71 id. 524, 525; *Gillet* v. *Roberts*, 57 id. 28.) But even if it should be held that this should be treated as an action for money had and received, the plaintiff cannot recover because he has failed to allege and prove such a cause of action, and especially since he has omitted to allege or prove the making of a demand by the plaintiff of the defendant. (*Buell* v. *Boughton*, 2 Den. 91; Laws of 1859, chap. 236, §§ 1, 5; Laws of 1867, chap. 476; *People* v. *Olmstead*, 45 Barb. 644; *Scholey* v. *Hulsey*, 72 N. Y. 578, 592; *Mayor, etc.*, v. *Erben*, 3 Abb. Ct. App. Dec. 255; *Abbot* v. *Draper*, 4 Den. 51; *Stephens* v. *Bd. of Education*, 3 Hun, 721; *Southwick* v. *F. N. Bank*, 84 N. Y. 420; 7 Daly, 144; 67 N. Y. 87.)

*W. S. Andrews* for respondent. The levy upon and sale of the property in question was without justification. (Laws of 1859, chap. 236; Laws of 1866, chap. 348; Laws of 1867, chap. 476.) The city is responsible for the wrongful acts of its

agents. (*Perley* v. *Town*, 7 Gray, 464; Dillon on Mun. Corp. [3d ed.] §§ 968, 972; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *Nichols* v. *City of Boston*, 98 Mass. 39; Wade on Notice, [2d ed.] § 683.) Even if the plaintiff cannot recover on the theory of conversion, it has shown facts sufficient to entitle it to judgment on the theory of money had and received. (*Brucher* v. *Port Chester*, 101 N. Y. 240; *Newman* v. *Bd. Super.*, 45 id. 676; *Horn* v. *Town of New Lots*, 83 id. 100; *Sharkey* v. *Mansfield*, 90 id. 227.)

POTTER, J. This action is brought to recover of the appellant the money received into the treasury of the defendant through proceedings taken to collect a tax assessed upon the stockholders of the Onondaga county bank, located and doing business in the city of Syracuse. The property levied upon and sold for that purpose was not the property of the stockholders, but was the property of the bank. It had at the time of the levy done nothing toward its discontinuance and dissolution, except to give the superintendent of the bank department notice of its purpose to go into liquidation. Clearly that act did not divest the bank of its title to its property or transfer it to its stockholders against whom the assessment was made.

The appellant's counsel relies upon the case of *Everson* v. *City of Syracuse* (100 N. Y. 577), as authority for his contention upon the appeal in this case. It seems to me that case does not support the contention, but rather the opposite contention.

In the *Everson Case* the tax collector was directed and authorized, under a tax warrant issued to him by the tax receiver and treasurer of the defendant, to collect the tax imposed upon the person named in the warrant and roll delivered to the collector, and for that purpose to levy upon and sell the property of the persons assessed or any personal property in the possession of the person so named and assessed. The collector not pursuing his authority in this respect levied and sold the property of another person, and which property

was not in the possession of the person assessed. The collector handed to the treasurer of the defendant, from whom he received his warrant, the check of the purchaser of the property sold by the collector for the amount of the tax to be collected. This case is simply in line with the current authorities that the plaintiff in a legal process or the person authorized to issue a warrant for the doing of an act, and commanding the execution of an act in a legal manner is not liable for the illegal acts of the officer executing such process or warrant.

In that case there was no proof or finding of the facts proved and found in this case, viz : That the treasurer and tax receiver at the time he delivered the warrant and roll to the collector directed him specifically to levy upon the property neither owned nor in the possession of the person assessed, and that the treasurer received from the collector in payment of the tax sufficient of the proceeds of the unlawful sale of the property of a person not liable for the tax, with full knowledge of such facts, and after the mayor of the city had knowledge of the fact of the unlawful levy upon the property for the purpose of collecting the tax. It was conceded in the *Everson Case,* as must be held in this case, that the levy was not justified by the warrant, and was wrongful.

Upon the facts in the *Everson Case* it was held the city was not liable. But in the opinion of Judge RAPALLO in that case he says, " to entitle the plaintiff to recover against the city for this wrong, it was necessary to show further that the acts of the constable committing it were authorized by the corporation of the city, or had been subsequently ratified by it in such manner as to make it liable therefor, *ab initio."*

This brings us to the question whether or not the defendant, a municipal corporation, acting through its officers in the execution of a power conferred upon it to collect a tax assessed upon a particular citizen, may enforce its collection out of the property of another citizen in no wise liable for the tax, and appropriate the proceeds of such collection to its own uses and purposes with full knowledge of the illegality of the pro-

ceeding, and without any liability therefor to the owner for the spoliation of his property.

The general rule applicable to individuals is, that one who directs or ratifies an illegal act, is liable for the consequences, and this general rule is as applicable to corporations as to individuals, when the facts bringing corporations within the operation of the rule are properly established.

The question in this class of cases is not generally as to the rule of corporate liability, but as to the evidence which will suffice to bring a corporation within the rule of liability. Whether or not the corporation is bound or made responsible for the acts of its officers may depend upon various considerations. Among the more controlling will be acts and directions for the doing of acts to be performed by and in the department under the control and supervision of the officer acting and giving the directions. (*Howell* v. *City of Buffalo*, 15 N. Y. 512–519, and cases cited in that case; *Nichols* v. *City of Boston*, 98 Mass. 39.)

The mayor of the defendant was, by the charter, the executive head of the defendant, clothed with the duty and power of supervision of the defendant and its officers in all, or quite all, its departments. The treasurer and tax-receiver was entrusted with the duty and the power of collecting the taxes imposed upon the citizens and keeping the moneys for the defendant, and the money which this action is brought to recover was received by the treasurer on account of the tax which the treasurer issued his warrant to collect. (See provision of charter of defendant, tit. 5 *et seq.*)

The learned trial judge has found upon sufficient evidence that the collector was explicitly directed, when he received the warrant from the treasurer and tax-receiver of the defendant, to go to the bank and levy upon everything in the bank, and was forbidden by the cashier of the bank to make the levy and sale of the property, and that the mayor was so informed, and that the treasurer received the tax from the collector knowing that it was made by such levy and sale; that the defendant had knowledge of the unlawful proceed-

ings by its officers to collect the tax, or that such knowledge was justly imputable to the defendant.

We cannot doubt that the defendant had such knowledge as brings the case within the rule of liability laid down in *Everson* and similar cases. If these facts are not sufficient to charge the corporation with knowledge and with consequent liability, it would be difficult to make out a case against a corporation, and the result would follow that the citizen's property may be in very many cases unlawfully taken by the officers of a corporation to pay the tax of another, and be appropriated to its uses, leaving the citizen with no means of redress for his loss but the liability of perhaps irresponsible officials of the corporation. The knowledge which the learned trial judge found that the defendant had of the illegal levy and sale, while it makes the defendant liable to pay the plaintiff the proceeds of its illegal conduct, at the same time relieves the plaintiff from the necessity of a demand of the money before bringing an action to recover it. (*Newman* v. *Board of Supervisors,* 45 N. Y. 676; *Bruecher* v. *Village of Port Chester,* 101 id. 240–245.)

It is very clear that the Statute of Limitations forms no bar to the action. The action was for money had and received, and was properly so. The statute did not begin to run till defendant had received the money, which was on June 10, 1874. The action was commenced on the 19th of April, 1880, and the interval was less than six years.

The judgment should be affirmed, with costs.

All concur except FOLLETT, Ch. J., and VANN, J., not sitting.

Judgment affirmed.