FRANK STUART, Respondent, *v.* DANIEL GRATTAN, Appellant.

Third Department, July 2, 1926.

**Contracts — wager — action under Penal Law, § 994, to recover money deposited by plaintiff with defendant as wagers — limitation of actions — six-year Statute of Limitations applies — any error in excluding alleged bill of particulars was not prejudicial to defendant.**

An action instituted under authority of section 994 of the Penal Law to recover moneys deposited by the plaintiff with the defendant, as wagers or bets on horse races, is not an action to recover a penalty but is remedial in its nature and is, in fact, an action for money had and received, and, therefore, the six-year and not the three-year Statute of Limitations applies.

The defendant suffered no harm in the exclusion by the court of an alleged bill of particulars even though such exclusion may have been erroneous, for no exception was taken to the ruling of the court, and it does not appear that the paper contained any admission by the plaintiff which would have helped the defendant, nor that there was any testimony by plaintiff in regard to the paper or its contents which anything in the paper would contradict.

APPEAL by the defendant, Daniel Grattan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 13th day of November, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of November, 1925, denying defendant's motion for a new trial made upon the minutes.

*James A. Quinn,* for the appellant.

*Harry W. Williams,* for the respondent.

VAN KIRK, J. The action was brought to recover for money deposited with the defendant by the plaintiff as wagers or bets on horse races, between January 10, 1922, and November 24, 1923, under section 994 of the Penal Law, which provides as follows: " Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid or delivered, and of the

stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not." There was no exception to the charge and no requests to charge made by either party. Testimony was offered tending to show that the plaintiff deposited with the defendant as wagers or bets upon the event of horse races moneys aggregating a sum larger than the amount for which the jury found a verdict.

The appellant claims that some of the items were barred by the Statute of Limitations. This action is not to recover a penalty. The provision of the statute is remedial and not penal and the action is for money had and received. (*Mendoza* v. *Levy*, 98 App. Div. 326.) The three-year Statute of Limitations (Civ. Prac. Act, § 49), therefore, does not apply and all the moneys were deposited within six years before the beginning of the action. (Civ. Prac. Act, § 48.)

Defendant complains that a paper called a bill of particulars was erroneously excluded. This paper was said to have been verified as a bill of particulars in a former action for a like cause and between the parties to this action. No exception was taken to any ruling of the court in respect to this paper. It did not appear that the paper contained any admission by plaintiff which would have been helpful to defendant on the trial, nor was there any testimony by plaintiff in regard to the paper or its contents which anything in the paper would contradict. If there was any error in ruling as to the admission in evidence of this paper, we think that the defendant was not prejudiced and that we are not called upon to rule thereon.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.