JAY BEE APPAREL STORES, INC., Plaintiff, v. 563–565 MAIN STREET REALTY CORPORATION and Another, Defendants.

Supreme Court, Erie County, June 27, 1927.

Torts — injury to property — defendant landlord subleased space in store to plaintiff — plan was that each department in store be rented separately by subtenants, so that, as to public, all departments should appear as under one management — complaint alleges that subtenant owned by landlord committed fraudulent practices and was convicted of grand larceny — complaint alleges as result of such fraudulent practices plaintiff's business was ruined — complaint states cause of action in tort for injury to property — General Construction Law, § 25-a, applied.

The complaint in this action alleges that the plaintiff leased from the defendant landlord, space in its building for the purpose of conducting a store or department for the sale of ladies' cloaks, suits and dresses, with the exception of fur garments; that the plan by the defendant landlord was to sublease space in the building to merchants who were to conduct or manage departments personally, so that as far as the public was concerned, the entire store apparently was under one management as a department store. The complaint further alleges that the defendant landlord sublet another department to a fur corporation, which was owned by the defendant landlord; that said corporation practiced fraudulent devices in connection with its business, deceived the public and was finally convicted of grand larceny; and that as a result of the fraudulent practices of said subtenant, the plaintiff's business, as an integral part of the department store, was ruined.

The complaint states a cause of action in tort to recover damages for injury to property, as that term is defined by section 25-a of the General Construction Law, and states a good cause of action, not only against the subtenant, but also against the defendant landlord, since it is alleged that the landlord co-operated with the subtenant in the fraudulent practices resulting in damage to plaintiff.

MOTION made by both defendants, under rule 106 of the Rules of Civil Practice, for dismissal of the complaint on the ground that it appears from the face thereof that such complaint does not state facts sufficient to constitute a cause of action against either defendant.

*Frank, Weil & Strouse* [*Saperston, McNaughtan & Saperston* with them on the brief], for the plaintiff.

*Leland G. Davis,* for the plaintiff on the argument of the motion.

*Abraham J. Halprin,* for the defendants.

HARRIS, J.  The plaintiff seeks to recover the sum of $50,000 from both defendants, and to sustain its cause of action alleges as follows:

" *Third.* That heretofore and on or about September 25th, 1925, the defendant, 563–565 Main Street Realty Corporation was the landlord of, and in possession of certain real estate in the City of Buffalo, County of Erie and State of New York known as 563–565 Main Street in the said City.

" *Fourth.* That on or about the said date, and at all times thereafter set forth in this complaint, the said defendant was managing and conducting the said premises as a retail dry goods store in said City under the name and style of ' Fields,' and that pursuant to such conduct of the said business, it arranged and made contracts with various merchants to manage and conduct certain so-called departments or branches of the business of the said ' Fields ' on its behalf; that the said department store business under the said trade name and style was conducted by the said defendant according to a plan whereby each of said merchants being lessees of the said departments were required to permit the said defendant to make all collections and receive all moneys for merchandise sold to the public in the said store, to control and insert all advertising matter on behalf of the said store known as ' Fields ' and in respect to the merchandise sold by each of the said departments, and that further pursuant to the said plan, the said defendant exercised general supervision, direction and control over each of the said departments and allotted a certain store space and certain window space in said store to each of the said departments.  Pursuant to said plan the said defendant also provided general facilities to each of the said departments or lessees, such as delivery space, elevator service and the usual facilities in large department stores in metropolitan centers; the purpose and actual effect of the said plan being to convey to the public at large the impression that the said ' Fields ' Department Store was one of the large department stores, owned, operated and controlled

by one proprietor and under one unified, general and systematic management; and received in consideration thereof certain fixed sums for said privileges and a certain percentage of the total sales of each of the said departments as additional compensation.

" *Fifth.* That on or about the said day, the said defendant 563–565 Main Street Corporation as Landlord, and W. H. Bartlett Company, a Michigan corporation, as tenant, made and entered into an agreement pursuant to, and which in terms embodied all of the provisions of the said plan hereinbefore set forth, wherein and whereby the said defendant permitted the said W. H. Bartlett Company to conduct in the said building, and as part of the said business publicly known and advertised as ' Fields ' the business or department of selling Ladies' and Misses' Cloaks and Suits, Dresses and Skirts, exclusive, however, of fur garments or fur pieces or fur lined gowns or coats, for the term commencing October 15th, 1930, by which lease and agreement said defendant covenanted to maintain said tenant in a quiet and undisturbed use and possession of the said premises.

" *Sixth.* Upon information and belief, that at all times mentioned in this complaint, the said 563–565 Main Street Realty Corporation also owned and controlled almost all of the shares of stock of the corporation defendant known as Canadian Fur Trappers Corporation; that the officers, directors and stockholders of the two said corporations were the same, and that at all such times the said Canadian Fur Trappers was financed, managed and operated by the defendant, the 563–565 Main Street Realty Corporation.

" *Seventh.* Upon information and belief, that at all the times in this complaint set forth the said Canadian Fur Trappers Corporation was operating and conducting a department in the said department store known as ' Fields ' organized and conducted as hereinbefore described, which said department was engaged in selling fur garments, fur pieces, fur lined gowns and coats, and articles of merchandise of a similar nature.

" *Eighth.* That thereafter and on or about October 1st, 1926, the said agreement and lease with respect to the said department theretofore managed by the said W. H. Bartlett Company in said ' Fields ' Department Store, was assigned, transferred and set over to the plaintiff herein with the consent of the defendant 563–565 Main Street Corporation and of the said W. H. Bartlett Company, and the plaintiff herein undertook to and did assume all the obligations of the said agreement on the part of the tenant therein named.

" *Ninth.* That thereafter and up to the date hereof, the plaintiff herein has been continuing to operate the said department in the

said ' Fields ' Department Store pursuant to the terms and provisions of the said agreements, and has duly complied with all the conditions thereof on its part to be performed.

" *Tenth.* Upon information and belief, that for a long period and at all times subsequent to October 1st, 1926, the said Canadian Fur Trappers Corporation in the conduct of its department and business as aforesaid, had been practicing various fraudulent devices in connection with its said business wherein and whereby it caused the public at large who were dealing with the said ' Fields ' Department Store to be defrauded, cheated and misled, and whereby the public likewise was induced to pay for improper and inferior goods by substitution, for the purpose of sale of goods, of apparently superior quality and grade, and by various other schemes and devices of an unbusinesslike and improper character.

" *Eleventh.* Upon information and belief, that at all such times the defendant, 563–565 Main Street Realty Corporation knew that said defendant Canadian Fur Trappers Corporation was practicing such improper and fraudulent devices, and permitted and encouraged the said corporation to continue the same, but that the plaintiff herein had no knowledge of the said fact.

" *Twelfth.* Upon information and belief, that both of the said defendants well knew that the continuance of such practices toward the public, in view of the fact that the business of the said ' Fields ' Department Store was carried on as an apparently unified and systematic organization under one head and control would result in injuring the entire business so conducted, and in bringing the entire said business and all departments thereof to public disfavor and discredit, but that nevertheless the said defendants continued and permitted to continue the said practices and conduct.

" *Thirteenth.* Upon information and belief, that the said defendants continued the said methods and practices to such an extent that numerous persons aggrieved thereby made complaint to the public authorities on account thereof; that thereafter a criminal prosecution was begun against the said Canadian Fur Trappers Corporation, which was convicted of the crime of Grand Larceny in the Second Degree in the County Court of Erie County, State of New York, and fined therefor.

" *Fourteenth.* That by reason of the said improper practices, and of discredit occasioned to the entire organization and business known to the public as ' Fields ' by reason thereof, and by reason of the notoriety and publicity which resulted therefrom, and of the fact that the public at large were informed of the said complaints and of the said trial and conviction, the public in general thereafter withheld their patronage and business from the entire organization

hereinbefore described known as ' Fields ' Department Store, and among others from the plaintiff herein, so that plaintiff's business was almost entirely ruined."

As this motion is made under rule 106, all of the allegations in the complaint must, for the purposes of this motion, be deemed to be admitted.

The defendants attack the complaint on the ground that there is no privy of contract between the defendant Canadian Fur Trappers Corporation and the plaintiffs, and on the ground that as to the defendant 563–565 Main Street Realty Corporation, there is no allegation of dispossession of the plaintiff by such defendant or of surrender of the premises by the plaintiff to such defendant 563–565 Main Street Realty Corporation.

After reading the complaint herein I have reached the conclusion that this is an action in tort based on an injury to property. The term " an injury to property " does not necessarily mean a physical injury to tangible property, but includes any and every invasion of one's property rights by actionable wrong. (Gen. Const. Law, § 25-a; *Ghiglione* v. *Friedman,* 115 App. Div. 606.)

On going into the premises under the arrangement set forth in the complaint, which arrangement caused the purchasing public to believe that the occupants of the premises were engaged in one business, the plaintiff undoubtedly secured the right to transact its own business without interference by wrongful act or omission on the part of its landlord or of any of the other subtenants. Any acts or omissions on the part of any of such other subtenants, which would lead the purchasing public to believe that the business conducted on the premises described in the complaint was unreliable in its conduct or methods, would without doubt cause a falling off of business of each sublessee in the store, and of each party to the arrangement to conduct the store as an entire business. Therefore, each party to the arrangement was under a duty to conduct its own business so as not to bring discredit upon the concern as a whole. To my mind, a violation of such duty is an actionable wrong, and creates a cause of action against such subtenant.

It may be true that if such wrong were perpetrated without the co-operation of the landlord, no cause of action would exist against such landlord. But in this action the complaint alleges the management and co-operation of the subtenant, Canadian Fur Trappers Corporation (the party alleged to have committed the wrongful acts), by the landlord, and the commission of the wrongful acts, with the knowledge, permission and encouragement of the landlord. Proof of facts sustaining such allegations would be

sufficient to establish the liability of the landlord for the wrongful acts alleged in the complaint. Therefore, I am of the opinion that the complaint sets forth a good cause of action and should not be dismissed, and that the motion should be denied, with costs.

An order in accordance with the above may be prepared and submitted to me for signature.