MYRTLE D. MILLER, Plaintiff, *v.* CITY OF ONEIDA, Defendant.

Supreme Court, Madison County, November 5, 1934.

*Woolsey & Woolsey*, for the plaintiff.

*Frank R. Nemeti*, for the defendant.

PERSONIUS, J. This action is submitted on stipulated facts. From 1925 to 1933, inclusive, the plaintiff owned a lot having one hundred feet frontage on Broad street in the defendant city. A Mrs. Maxwell owned thirty-five feet frontage adjoining. By mis-

take the entire one hundred and thirty-five feet were assessed to the plaintiff. In other words, the plaintiff was assessed for thirty-five feet frontage which in fact belonged to Mrs. Maxwell. Apparently the land was assessed by the foot frontage. The plaintiff paid the taxes in ignorance of the mistake. It is stipulated that the plaintiff would testify that she did not discover the mistake until the fall of 1933. There is no proof to the contrary. The plaintiff has, therefore, paid taxes on land which she did not own in an amount conceded to be $385.36. She sues for moneys had and received through mutual mistake.

The defendant says the assessments were not void and that the plaintiff's sole remedy was by certiorari under section 290 *et seq.* of the Tax Law and the provisions of the defendant's charter. If the assessments were not void, this contention would be true. The taxpayer's remedy is by certiorari where he complains of over-valuation (*People ex rel. K. F. Insurance Co.* v. *Coleman,* 107 N. Y. 541; *United States T. Co.* v. *Mayor, etc.,* 144 id. 488; *Genesee Valley Nat. Bank* v. *Supervisors of Livingston County,* 53 Barb. 223), or of failure to allow sufficient exemption (*Young Women's Christian Assn.* v. *City of New York,* 217 App. Div. 406; *Congregation, etc.,* v. *City of New York,* 135 Misc. 823), or of like error.

But a tax assessment is comparable to a judgment. If merely irregular or erroneous, it cannot be attacked collaterally. On the other hand, if the assessors are without jurisdiction to make the assessment, it is void and may be attacked collaterally. (*National Bank, etc.,* v. *City of Elmira,* 53 N. Y. 49; *Whitney* v. *Thomas,* 23 id. 281; *Buffalo, etc., Co.* v. *Supervisors,* 48 id. 93, 98; *Delano* v. *Mayor, etc., of New York City,* 32 Hun, 144; *Lesster* v. *Mayor, etc.,* 33 App. Div. 350, 355; affd., 161 N. Y. 628; *Betz* v. *City of New York,* 119 App. Div. 91; affd., 193 N. Y. 625.) City assessors have jurisdiction to assess real property in their tax district to the owner thereof. They have no jurisdiction to assess such real property to one who is in no way interested therein. Such an assessment is void. Such is this case. In *Whitney* v. *Thomas* (*supra*) real property was assessed to one who neither owned nor possessed the land. The assessment was held to be void. Commenting on that case, the Court of Appeals said in *Buffalo, etc., Co.* v. *Supervisors* (*supra,* 98): " The lands were not assessed according to the fact, either as the lands of a resident owner or of a non-resident. They were assessed to a third person, who had no ownership or possession, and no connection with them. It was not a mere error of the assessors, but a disregard of the facts of the case. They entered a false judgment, not warranted by any facts proven. * * * It was simply an assessment, without

the slightest color to warrant or authorize it. *Assessors can have no jurisdiction to assess any of the lands in their town to third persons who do not own, possess or have any connection therewith.*' (Italics ours.) The assessment being void, tax moneys collected thereunder may be recovered back. (*National Bank, etc.,* v. *City of Elmira, supra; Newman* v. *Supervisors,* 45 N. Y. 676, 687, 688; *Bruecher* v. *Village of Port Chester,* 101 id. 240; *Dale* v. *City of New York,* 71 App. Div. 227; *Second National Bank* v. *City of New York,* 213 N. Y. 457, 462; *Diefenthaler* v. *Mayor, etc.,* 111 id. 331, 336; Clark N. Y. Law of Cont. § 1087.) A court of equity may annul a void assessment. (*Elmhurst Fire Co.* v. *City of New York,* 213 N. Y. 87.) If the plaintiff had voluntarily paid the taxes with full knowledge of the facts, she might be precluded from recovering. (*Matter of Village of Delhi,* 201 N. Y. 408, 414; *People ex rel. New York Edison Co.* v. *Prendergast,* 185 App. Div. 461, 462, 463.) In the present case, however, the plaintiff paid without such knowledge. She is, therefore, entitled to recover the moneys paid unless prevented by the Statute of Limitations, which the defendant pleads.

Section 230 of the defendant's charter (Laws of 1911, chap. 648) provides in part: "All actions brought against the city upon (1) any contract liability, express or implied, must be commenced within one year from the time that the cause of action accrued, or (2) if for injuries to the person or property caused by negligence, within one year from the time of receiving the injuries, and (3) in other cases within six months after the refusal of the common council to allow the claim." (We have numbered the three clauses for convenience.)

Does this action fall within the first above limitation? The obligation on which the plaintiff sues is not an express contract. Is it an implied contract? We think not. It is a *quasi* contract. It is for convenience sometimes classified as an implied contract, but " in truth it is not a contract or promise at all. It is an obligation which the law creates * * *. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy." (*Miller* v. *Schloss,* 218 N. Y. 400, 407; *People ex rel. Dusenbury* v. *Speir,* 77 id. 144, 150; Clark N. Y. Law of Cont. § 1031; 13 C. J. 244, § 10.) The one-year limitation contained in defendant's charter was plainly intended to apply to express contracts and contracts implied from the *facts,* but not to a *quasi* contract.

In the absence of other controlling limitations in the defendant's charter, the six-year limitation applies to this action for money had and received. (Civ. Prac. Act, § 48, subd. 3; Gen. Constr.

Law, § 25-a; *Jay Bee A. S., Inc.,* v. *563–565 Main St. Realty Corp.,* 130 Misc. 23, 27; *Teall* v. *City of Syracuse,* 120 N. Y. 184, 189; *Diefenthaler* v. *Mayor, etc.,* 111 id. 331; *Stuart* v. *Grattan,* 217 App. Div. 336.)

The plaintiff argues that the third limitation contained in the defendant's charter applies and that her action was not barred until " six months after the refusal of the common council to allow the claim." Plaintiff's claim was presented in April, 1934, and rejected. The action was commenced within six months thereafter, so that, if the plaintiff's contention is correct, none of her claim is barred.

There is much confusion in the authorities where two applicable statutes of limitation conflict. (37 C. J. 687, 688.) The defendant's charter sought to shorten, not lengthen, the limitation of actions against it. To permit the plaintiff to profit by the delay in presenting her claim and the resultant delay in its rejection would be unreasonable. We think we should apply the six-year limitation. (37 C. J. 807.)

It appears that the adjoining owner, Mrs. Maxwell, reimbursed the plaintiff for a paving tax paid in 1933. In consideration thereof the plaintiff executed a general release to Mrs. Maxwell. The defendant urges that this release may affect the defendant's right to collect from Mrs. Maxwell and, therefore, estops the plaintiff. We think not. Nothing which the plaintiff did without the consent of the defendant can affect whatever rights the defendant has against Mrs. Maxwell.

Interest can be allowed from the date of demand only. (*O' Keeffe* v. *City of New York,* 176 N. Y. 297; *Smith* v. *Board of Education,* 208 id. 84.)

The statement of facts shows that the plaintiff's demand for the years 1925, 1926 and 1927 and the first half of 1928 accrued more than six years before the commencement of this action. We, therefore, hold that the plaintiff may recover one-half the amount paid in 1928 and the payments made in 1929 to 1933, inclusive, aggregating $226.45, and render verdict for the plaintiff in said sum of $226.45, with interest from April 25, 1934. (Civ. Prac. Act, § 440-a.)