JACOB THOMANN, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

(Submitted April 1, 1931; decided May 12, 1931.)

*Clarence M. Platt, Corporation Counsel (Charles B. Forsyth* of counsel), for appellant. Compliance with the charter of the city of Rochester was a condition precedent to plaintiff's right of action. (*Meruk* v. *City of New York,* 223 N. Y. 271; *Reining* v. *Buffalo,* 102 N. Y. 308; *Squaw Island Freight & T. Co.* v. *City of Buffalo,* 133 Misc. Rep. 64; *Curry* v. *City of Buffalo,* 135 N. Y. 366; *Van Der Bergh* v. *City of New York,* 203 N. Y. Supp. 130; *Rice* v. *City of Mechanicville,* 186 N. Y. Supp. 756; *Vermeule* v. *City of Corning,* 166 N. Y. Supp. 546; *People* v. *McIntyre,* 166 N. Y. Supp. 635; *Malloy* v. *Village of Briarcliff Manor,* 217 N. Y. 584; *Rogers* v. *Port Chester,* 234 N. Y. 182; *Kellog* v. *New York,* 44 N. Y. Supp. 39; *Frank* v. *New York,* 133 N. Y. Supp. 434; *Jewell* v. *Ithaca,* 76 N. Y. Supp. 126; *Biggs* v. *City of Geneva,* 90 N. Y. Supp. 858; *Gold* v. *City of Kingston,* 206 N. Y. Supp.

735; *Lautman* v. *City of New York*, 141 N. Y. Supp. 1042.) Section 632 of the charter of the city of Rochester is constitutional and provides a reasonable period of limitation. (*Gilbert* v. *Ackerman*, 159 N. Y. 118; *Barry* v. *Port Jervis*, 64 App. Div. 268.)

*Charles S. Gordon* for respondent. The Rochester city charter has no application to a claim for a permanent injunction to restrain a continuing nuisance and, as an incidental, money damage. (*Slight* v. *Gutzlaff*, 35 Wis. 675; *Flaxman* v. *City of New York*, 98 Misc. Rep. 88; *McDonough* v. *Mayor*, 15 Misc. Rep. 593; *Lamay* v. *City of Fulton*, 109 App. Div. 424; *Sammons* v. *City of Gloversville*, 175 N. Y. 346.) The city of Rochester had actual knowledge and sufficient notice of the existence and 'continuance of the nuisance (*Bullock* v. *Town. of Dunham*, 64 Hun, 380; *Shaw* v. *Village of Potsdam*, 11 App. Div. 508.) Even were it necessary to file a notice of claim under the Rochester city charter, it is not necessary to so file it when the act is caused by the city itself. (Dillon Mun. Corp. [5th ed.] § 1717; *McCarthy* v. *City of Fulton*, 182 App. Div. 337; *Minton* v. *City of Syracuse*, 172 App. Div. 39; *Twist* v. *City of Rochester*, 37 App. Div. 307; *Wilson* v. *Troy*, 135 N. Y. 96; *MacMullen* v. *Middletown*, 187 N. Y. 37; *Sprague* v. *City of Rochester*, 159 N. Y. 20; *McNally* v. *City of Cohoes*, 127 N. Y. 350; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 10.) Section 632 of the charter of the city of Rochester is unconstitutional and void under the Federal and State Constitutions in that it deprives the plaintiff of his property without due process of law. (U. S. Const. 5th and 14th Amendts.; Const. of N. Y. art. 1, § 6; *Barry* v. *Village of Port Jervis*, 64 App. Div. 268; 180 N. Y. 521; *Williams* v. *Village of Port Chester*, 72 App. Div. 505; 183 N. Y. 550; *Randolph* v. *Springfield*, 31 A. L. R. 612; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Gilman* v. *Tucker*, 128 N. Y. 190; *Parmenter*

v. *State*, 135 N. Y. 154; *Walden* v. *Jamestown*, 178 N. Y. 213; *Green* v. *Village of Port Jervis*, 55 App. Div. 58.)

CARDOZO, Ch. J.  The city of Rochester bought an abandoned quarry in 1924, and used it as a public dump. The plaintiff, a florist, occupied adjoining land for the uses of his business and also as a home.  Noxious gases, smells and vermin, coming from the dump, impaired the comfort of his family and brought damage to his bulbs and flowers.  He stood by inactive for nearly four years, though the nuisance and the damage were obvious at once.  At length, in July, 1928, he filed a notice of claim with the defendant's Common Council and also with its Corporation Counsel, and later, a notice of intention to sue.  This action was begun the following December. The relief demanded was an injunction and damages in the sum of $20,000.  The trial court gave an injunction, but held that under section 632 of the Rochester city charter, the damages could go no farther back than a period of thirty days before the filing of the claim.  The defendant acquiesced in the award of an injunction.  The plaintiff appealed from the curtailment of the damages. The Appellate Division reversed the judgment to the extent appealed from and granted a new trial.  The ruling was that section 632 of the defendant's charter was not intended to apply to a cause of action for a continuing nuisance, and that the result of so extending it would be an unconstitutional impairment of vested rights of property.  The case is now here, with a stipulation for judgment absolute, upon an appeal by the defendant.

Section 632 of the Rochester charter (L. 1907, ch. 755) is quoted in the margin.*  It is almost as comprehensive

---

* Claims for damages; place of trial of actions and proceedings. All claims against the city for damages or injuries to person or property, invasions of personal or property rights of every name and nature whatsoever, whether casual or continuing, continuing and continuous trespasses, continuing and continuous invasions of property, continuing and continuous invasions of property rights, and all other

as words could make it. By its express terms, the notice of claim must be presented whether the wrong be intermittent or continuing, and whether the remedy invoked be at law or in equity. If words so comprehensive do not reach the claim in suit, one is at a loss to imagine how any form of words would be sufficient to include it. Our ruling in *Sammons* v. *City of Gloversville* (175 N. Y. 346) is in no wise to the contrary. We held of the statute there before us that it excluded causes of action for continuing wrongs and remedies in equity with damages merely

claims for damages or injuries to persons or property, arising at law or in equity, and enforceable or sought to be enforced at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, nonfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of the city or any of its agents, officers or employees, must be presented to the common council and the corporation counsel, in writing, within thirty days after such damages, or injuries to persons or property were sustained. Such writing must state the time when, the place where and the circumstances under which the damages or injuries were sustained and the particular cause thereof; it must also state so far as it is then practicable, the nature and extent of the damages or injuries; it must also state the place of residence of the claimant by street and number, and if there be no street or number, it must contain such statement as will disclose the place of residence; and all such claims must be verified by the oath of the claimants; and if it is intended to commence an action on such claim, notice of such intention, containing the amount demanded and the time and place of the damages or injuries must also be served on the corporation counsel within six months after such damages or injuries were sustained. No action may be maintained for damages or injuries to persons or property caused or sustained as aforesaid unless the claim therefor is presented to the common council and corporation counsel within thirty days and notice of intention is served upon the corporation counsel within six months, and the action is commenced within one year after such damages or injuries were sustained, but no such action may be brought until three months have elapsed after the presentation of the claim to the common council and the corporation counsel. This section applies to claims of infants and all other persons. The place of trial of all actions or proceedings against the city or its boards or officers, shall be in the county of Monroe.

incidental. The draftsman of the Rochester statute has taken a leaf from that decision. He has supplied what was there omitted. There is no gap in his catalogue of remedies and wrongs.

We find nothing unworkable in the requirement of notice as applied to the defendant's nuisance. The wrong was a continuing one, with damages not exhausted by a single act, but steadily recurring. That being so, successive causes of action accrued in favor of the injured landowner as long as the wrong continued within the period of prescription (*Meruk* v. *City of New York*, 223 N. Y. 271, 276). He did not lose the right to some measure of relief by failing to give notice within the term of thirty days. What he lost was the right to include in the relief an award of damages antedating by more than thirty days the presentation of the notice in the statutory form (*Meruk* v. *City of New York, supra*).

The requirement is strict, but not so strict as to be arbitrary. A judgment against a municipal corporation must be paid out of the public purse. Raids by the unscrupulous will multiply apace if claims may be postponed till the injury is stale. The law does not condemn as arbitrary a classification of rights and remedies that is thus rooted in the public needs (*Frasch* v. *City of New Ulm*, 130 Minn. 41, 43; *O'Neil* v. *City of Richmond*, 141 Va. 168; *Sheehy* v. *City of New York*, 160 N. Y. 139, 143). The time allowed is short, yet adequate in general to enable diligence to move (*Frasch* v. *City of New Ulm, supra*, p. 44). We leave open the question whether an extension of the term is to be implied where the wrong, though it has been done, or the damage, though it has been suffered, is unknown to the claimant (cf. *Williams* v. *Village of Port Chester*, 72 App. Div. 505; 183 N. Y. 550; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198, 203; *Walden* v. *City of Jamestown*, 178 N. Y. 213; *Murphy* v. *Village of Ft. Edward*, 213 N. Y. 397; see also the cases collated in 31 A. L. R. 619, note). Nothing in this record suggests

disability or ignorance. There being opportunity for knowledge and competence to act, the statute gives the rule to which obedience is due. A rule may not be slighted as invalid as to all because exceptional conditions may make it void as to a few (*Williams* v. *Village of Port Chester, supra*).

Opportunity there was — opportunity for the collection of the last dollar of the damage — if the plaintiff had not chosen to sleep upon his rights. He admits that the nuisance was apparent the moment that the dump was opened. Within thirty days thereafter he could have filed a single notice that would have covered all his damage, present or prospective, up to the commencement of the action if it was his purpose to sue at law, or up to the rendition of the judgment if he was to seek the aid of equity. He was not required to state " the nature and extent " of the damage with even approximate precision. The statute is explicit that he shall state them " so far as it is then practicable." There was no need for successive notices at intervals of thirty days until action was begun. Still less was there need in proving blight of leaf and blossom to fix the point of time when the blight settled on the seed. The rule of damage to be applied is well settled in this State. If the remedy is at law, the plaintiff may recover the damages sustained up to the commencement of the action, and this is the limit of the recovery, except where the invasion is certain to be permanent (*Dietzel* v. *City of New York*, 218 N. Y. 270; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98). If the remedy is in equity, he may recover the damages sustained up to the date of the decree (*Stowers* v. *Gilbert*, 156 N. Y. 600; *Pappenheim* v. *Metropolitan El. Ry. Co.*, 128 N. Y. 436). Whatever may be included in the suit may be included also in the notice which is preliminary to suit.

Not lack of opportunity, therefore, but indifference or forgetfulness is responsible for the plaintiff's plight. He

had the privilege if he had acted promptly upon the discovery of the nuisance to make demand for all the damages that had developed in the past and all that might develop afterwards until the conclusion of the trial. He ignored the obvious remedy that was then ready at his hand. He waited for four years till the city was about to discontinue the offensive and unlawful use, and then came forward with a claim for the accumulated loss. This is the very evil that the statute was designed to cure. The evil is no less where the damages are demanded as incidental to an injunction than it would be if the prayer for an injunction had been left out, and an action had been brought for the damages alone. Prompt service of the notice would have made it possible for the defendant to investigate the loss and ascertain whether the claim had been swollen in disfigurement of truth. Scrutiny becomes futile with the lapse of the obscuring years.

We are not forgetful of the fact that the bad conditions at the dump were known to the defendant's mayor and to other public officers. The plaintiff was not relieved thereby of the duty to adhere to the statutory forms. What satisfies the statute is not knowledge of the wrong. What the statute exacts is notice of the " claim." Cases such as *Wilson* v. *City of Troy* (135 N. Y. 96) and *Twist* v. *City of Rochester* (37 App. Div. 307; 165 N. Y. 619) are quite beside the point. They deal with the notice that is necessary before a wrong can be imputed to a municipality as its corporate default. They have no bearing upon a statute which prescribes the remedial forms whereby the wrong, when imputed, is to be corrected or repaired. The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else.

Another requirement of the statute is yet to be considered, for it is made the basis of an argument by members

of the court that there is no necessity for a notice unless the damages are to be recovered through a remedy at law. The statute tells us that notice shall be given whenever damages are demanded, whether the claim is one " arising at law or in equity, and enforceable or sought to be enforced at law or in equity." The argument is, however, that these words, which on their face are so plain as to be hardly subject to construction, do not mean what they seem to say, or that the meaning must be rejected as too oppressive to be true. The supposed basis for this conclusion is a later provision of the same section to the effect that where claims are to be presented, no action shall be brought thereon until three months have elapsed from the time of presentation. Some of the members of the court believe that the application of that provision to claims for damages incidental to a suit for an injunction would render it unconstitutional, or at least would be the parent of intolerable hardship. The case is supposed of a trespass so flagrant that one's dwelling or one's factory is about to fall into the pit. We are asked whether the Legislature in such circumstances could postpone the equitable remedy for a period of months, or could separate the jurisdiction to enjoin from the jurisdiction, normally accompanying it, to give judgment for the damage. The argument draws a distinction between the activities of a municipality that are public or governmental and others (such as the maintenance of a dumping ground) which are said to be proprietary or corporate. As to the first class of claims the power of the Legislature by concession is plenary and absolute. It may condition them as it will, or even abolish them altogether (*MacMullen* v. *City of Middletown*, 187 N. Y. 37). Whether the power is without limit where the activities are proprietary or corporate is a fair subject for debate. Whatever the scope of power, we are reminded of our duty to strain construction to the uttermost if by so doing we can give relief from

injustice or oppression. The way out of the difficulty, so it is argued, is to hold that the statute is inapplicable in any of its provisions to claims for the recovery of damages enforcible in equity, and this in the teeth of the opening sentences of the statute which say that it is.

We think the case at hand does not call for an expression of opinion as to the validity or the meaning of the three months provision in its application to causes of action for equitable relief. If a suitor aggrieved by that provision were to challenge its validity in an action against a municipal corporation growing out of some activity not public or governmental, where the effect of the postponement of a remedy would be equivalent to a denial of justice altogether, many interesting questions would press for a solution. There would be need to consider to what extent the Legislature may abridge the jurisdiction of the Supreme Court by the destruction or impairment of equitable remedies (Constitution, art. VI, § 1; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261, 274) and to what extent it may discriminate between one class of suitors and another, withdrawing remedies as to some while maintaining them as to others (*Truax* v. *Corrigan*, 257 U. S. 312, 313). If the question of power were answered in favor of the statute, there would remain questions as to meaning. We might hold not inconceivably that the only effect of the limitation would be to postpone the enforcement of the remedy for damages, and that the action could still be maintained as one for an injunction merely. We might hold that actions for damages, brought after the lapse of the prescribed interval, could thereafter be consolidated with the suit for an injunction or prosecuted separately if consolidation was no longer possible.

The plaintiff is not entitled to our judgment as to these and kindred problems, for whatever the validity or the meaning of the three months postponement of the remedy, his rights remain the same. A different question would

be here if he had sued the defendant before the lapse of the three months and had lost his suit upon that ground. That is not what happened. He served his notice July 19, 1928, and his summons and complaint December 8, 1928, four and a half months later. Whether the requirement that he wait for three months be valid or invalid, he has chosen to obey it. If we assume it to be invalid, what is vicious in the statute may be severed from what is sound. If we assume it to be valid, there is no reasonable construction of its meaning that will override the requirement of notice whether the claim for damages be enforcible in equity or at law.

The case has been considered upon the assumption that the claim for damages has failed because of the delay in the service of the statutory notice. The objection would still remain as to the bulk of the demand that the plaintiff did not bring his suit within a year after the time when the damages were suffered (Rochester City Charter, § 632).

The order of the Appellate Division should be reversed, and the judgment of the trial court affirmed with costs in the Appellate Division and in this court.

HUBBS, J. (dissenting). The provision of the charter in question, if construed literally, prevents a party who is suffering an irreparable injury, because of acts being performed by the city in its proprietary or corporate capacity, from commencing an action in the Supreme Court and applying for an injunction to restrain such acts " until three months have elapsed after presentation of the claim to the common council." The provision, if valid, requires one whose property is being destroyed to stand by and see it destroyed without the right to prevent it by injunction. The effect of the statute would be to delay the right to apply to a court of equity for protection until the application would be useless, and by the enforced delay the party injured would be deprived of the court's protection.

Jurisdiction in the Supreme Court to restrain, by injunction, the commission of irreparable injury has never been questioned. Such jurisdiction cannot be abrogated or abridged by statute, as it is conferred by the State Constitution. "The Supreme Court is continued with general jurisdiction in law and equity." (Constitution, art. VI, § 1.)

If the provision of the charter which forbids the commencement of an action is unconstitutional, in so far as it forbids the commencement of an equity action to restrain a continuing trespass or a continuing nuisance, without filing a claim and then waiting three months thereafter, it would seem to follow that the provision for filing a claim is unconstitutional when attempted to be applied to such actions.

"The constitutional validity of law is to be tested, not by what has been done under it, but by what may, by its authority, be done." (*Stuart* v. *Palmer*, 74 N. Y. 183, 188; *People ex rel. Barnard* v. *Wemple*, 117 N. Y. 77, 84; *Gilman* v. *Tucker*, 128 N. Y. 190, 200; *City of Rochester* v. *West*, 164 N. Y. 510.)

The fact that the plaintiff in this case waited more than three months after service of a notice of claim before commencing the action does not determine the validity of the statute or affect the question.

The order of the Appellate Division should be affirmed.

POUND, LEHMAN, KELLOGG and O'BRIEN, JJ., concur with CARDOZO, Ch. J.; CRANE, J., dissents; HUBBS, J., dissents in opinion.

Ordered accordingly.