FRANK SCHENKER and Others, Respondents, *v.* THE VILLAGE OF LIBERTY, Appellant.

Third Department, January 8, 1941.

*William G. Birmingham*, for the appellant.

*Ellsworth Baker*, for the respondents.

BLISS, J. The complaint alleges thirty causes of action, all substantially identical in form and substance, for a judgment restraining the defendant from operating a sewage disposal plant and for damages for such operation for the last six years and up until the time of the trial. It alleges that for more than six years prior to the commencement of the action the plant has been inadequate to properly care for and treat the sewage and not in proper repair and that it has been improperly maintained with the result that offensive odors have been given off by it to the damage of

the plaintiffs. The complaint fails to show compliance with section 341-b of the Village Law which provides as follows:

" § 341-b. Liability of villages in certain actions. Except as provided in sections one hundred and fifty-nine, three hundred and forty-one and three hundred and forty-one-a of this chapter, no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, and no other action shall be maintained against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a written verified claim stating the time when and the place where such claim arose and in detail the nature of the same, and of the items of damage alleged or claimed to have been sustained, together with a written notice of intention to sue the village shall have been filed with the village clerk within six months after the cause of action shall have accrued. The omission to present a claim or to commence an action thereon within the respective periods of time above stated applicable to such claim, shall be a bar to any claim or action therefor against said village; but no action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the village clerk."

Section 159 of the Village Law requires the presentation of a written claim of damages against the village for changing grade of a village street. Section 341 requires the filing of a similar written notice of claim for damages for negligence of the village and section 341-a requires written notice of a defective condition preceding a claim for damages sustained in consequence of defective streets and highways. When first enacted by chapter 365 of the Laws of 1931, section 341-b of the Village Law applied generally to all actions other than those mentioned in sections 159, 341 and 341-a of the Village Law and compelled the bringing of the action within one year after the cause of action arose and the filing of a written verified claim stating the details of the claim, together with a written notice of intention to sue within six months after the cause of action accrued. The omission to present such claim within six months or to commence the action within one year was made a bar to any claim or action against the village.

Section 341-b was changed to its present form by chapter 745 of the Laws of 1937, the substance of the change being to permit the bringing of an action for damages for breach of contract within eighteen months after the cause of action accrued instead of the one year as provided by chapter 365 of the Laws of 1931.

The words " no other action " in section 341-b₁ as amended, are as all-inclusive as it is possible to make them and the present action comes within this provision if we accept the statute at its face value. But it is urged by the respondents that the statute does not mean what it says and that actions for continuing wrongs such as the ones we have here, are not within its purview. This claim is based upon the case 'of *Sammons* v. *City of Gloversville* (175 N. Y. 346), which held that an action for a continuing nuisance such as our present case did not come within the provisions of the charter of the city of Gloversville which required that all claims for damages alleged to have occurred because of the wrongful act or negligence of the city should be presented in writing to the common council within three months after the date of the alleged injuries and that omission to comply should be a bar to an action. The *Sammons* case was decided in 1903 so it must be presumed that the Legislature had that decision in mind when it enacted chapter 365 of the Laws of 1931 and chapter 745 of the Laws of 1937, and if the statute in any way altered the law as interpreted in the *Sammons* case, we must accept the legislative act as controlling. We do not see in the present instance the same difficulties in complying with section 341-b of the Village Law that the Court of Appeals found would prevent compliance with the charter provisions of the city of Gloversville. (*Thomann* v. *City of Rochester*, 256 N. Y. 165.)

It is obvious that the Legislature has now set up by sections 159, 341, 341-a and 341-b of the Village Law, a complete scheme with relation to all claims for damages made against a village and that a village is now entitled to written notice of the claim in all actions. We need not discuss all the benefits to be derived by a village as the result of the giving of such notice. One of them in cases of a continuing wrong is obvious. That is the early opportunity given to the village to remedy the obnoxious conditions before they had continued for a period as long as six years.

For the foregoing reasons and especially because the statute was made inclusive of all actions after the decision in the *Sammons* case, we feel that we must now follow the statute as written.

The order should be reversed, with ten dollars costs, and the motion to dismiss the complaint granted, with ten dollars costs.

CRAPSER and SCHENCK, JJ., concur; HILL, P. J., dissents on the authority of *Sammons* v. *City of Gloversville* (175 N. Y. 346); *Thomann* v. *City of Rochester* (256 id. 165); *Friedman & Son, Inc.*, v. *City of New York* (237 App. Div. 646); HEFFERNAN, J.: I dissent and vote to affirm solely on the authority of *Sammons* v. *City of Gloversville* (175 N. Y. 346).

Order reversed, with ten dollars costs, and motion to dismiss complaint granted, with ten dollars costs.