JOHN B. PANSMITH et al., Plaintiffs, *v.* INCORPORATED VILLAGE OF ISLAND PARK et al., Defendants.

Supreme Court, Special Term, Nassau County, January 31, 1947.

*Morton D. Gottlieb* for plaintiffs.

*Jules B. St. Germain* for defendants.

Hooley, J.   Motion by defendants to compel plaintiffs to reply to an affirmative defense.   Cross motion by plaintiffs to strike out the said affirmative defense set forth in defendants' amended answer upon the ground that it is irrelevant and has no application to the causes of action set forth in the complaint herein and upon the further ground that such separate defense is insufficient in law.

The action is brought to obtain a permanent injunction. Three causes of action are set forth in the amended complaint. The first cause of action relates to the alleged use of property by the defendant village in violation of a restrictive covenant in a reformed deed.   The second cause of action refers to a continued nuisance on the part of the defendants in the use of the said premises.   The third cause of action alleges title by adverse possession to certain premises on which the defendant village has erected a fence.   The prayer for relief is that the defendant village be enjoined from further improperly using said premises and from erecting and maintaining the said fence thereon.

The affirmative defense set forth in the amended answer alleges that the plaintiffs failed to file a notice of claim pursuant to section 341-b of the Village Law.

No damages are sought to be recovered by the plaintiffs in the action.   The defendants maintain that under section 341-b of the Village Law, no action can be maintained against the village unless that section is complied with.   Section 341-b of the Village Law provides as follows: " § 341-b.   *Liability of villages in certain actions.*   Except as provided in sections one hundred and fifty-nine, three hundred and forty-one and three hundred and forty-one-a of this chapter, no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, *and no other action shall be maintained against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been*

*made and served in compliance with section fifty-e of the general municipal law. The omission to present a claim or to commence an action thereon within the respective periods of time above stated applicable to such claim, shall be a bar to any claim or action therefor against said village; but no action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the village clerk.''* (Italics supplied.)

Prior to 1937 it was the law that it was unnecessary to file a verified claim against a village in actions of an equitable nature. However, by chapter 745 of the Laws of 1937, section 341-b of the Village Law was amended to read substantially as hereinbefore set forth. There was an amendment in 1945 (L. 1945, ch. 694, § 9) which substituted '' notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law '' for former provisions requiring, as a prerequisite to maintaining an action other than one arising out of contract, that a written verified claim giving details thereof including items of damage, together with a written notice of intention to sue, be filed with the village clerk within six months after the cause of action shall have accrued. The amendment of 1937 was construed in *Village of Fleischmanns* v. *Silberman* (15 N. Y. S. 2d 904), to apply to equitable actions as well as legal actions. The court there said (p. 907): '' This amendment having been made after the decisions holding that the filing of the claim and notice of intention to sue the village did not apply to equitable actions, and the plain and unmistakable language used, is a clear indication that the amendment was made for the purpose of making the provisions of Section 341-b applicable not only to actions of law but also to actions of an equitable nature.''

Section 341-b was further construed in *Schenker* v. *Village of Liberty* (261 App. Div. 54, affd. 289 N. Y. 788). That was an action for judgment restraining the defendant from operating a sewage disposal plant and for damages for such operation for the last six years and up until the time of trial. There the respondent urged that the section did not apply to actions involving continuing wrongs and predicated this argument upon the case of *Sammons* v. *City of Gloversville* (175 N. Y. 346) which held that an action for a continuing nuisance did not come within the provisions of the Charter of the City of Gloversville, which required that all claims for damages alleged to have occurred because of the wrongful act or negligence of the city should be presented in writing to the common council

within three months after the date of the alleged injuries and that omission to comply should be a bar to an action. The Appellate Division said in part (p. 56): " The words ' no other action ' in section 341-b, as amended, are as all-inclusive as it is possible to make them and the present action comes within this provision if we accept the statute at its face value." It stated further: " For the foregoing reasons and especially because *the statute was made inclusive of all actions* after the decision in the *Sammons* case, *we feel that we must now follow the statute as written.*" (Italics supplied.)

It is clear, however, that both in the *Fleischmanns* case (*supra*) and the *Schenker* case (*supra*), the court was referring to actions for *damages.* In other words, the effect of such holdings was to include in the statutory phrase " no other action " actions in equity for *damages* as well as actions at law for damages. This is emphasized in the *Schenker* case, where the court said: " It is obvious that the legislature has now set up by sections 159, 341, 341-a and 341-b of the Village Law, *a complete scheme with relation to all claims for damages made against a village* and that a village is now entitled to written notice of the claim in all actions." (Italics supplied.)

It is further emphasized by the amendment of 1945 hereinbefore referred to, which requires the notice of claim to be made and served in compliance with section 50-e of the General Municipal Law. That section requires, among other things, that the notice state (subd. 2, cl. [4]) the items of *damage* or *injuries* claimed to have been sustained so far as then practicable.

Furthermore, it is the opinion of the court that such section was never intended to apply to actions for injunctive relief only because in many instances to require a plaintiff to wait forty days after the filing of the claim in the office of the village clerk before commencing suit would be to deny justice altogether. Certainly no construction should be given to section 341-b which would have such a nonsensical effect as to prevent a person from applying to court for purely equitable relief by way of injunction in a situation where irreparable and continuous harm was being inflicted upon him or his property until he had filed a claim and waited forty days. There would be grave question as to the validity of such provision.

The Court of Appeals in *Thomann* v. *City of Rochester* (256 N. Y. 165) posed the question as to the effect of a three-month provision in actions for equitable relief in the Charter of the City of Rochester if a situation were to develop arising out of

some activity of a municipal corporation not public or governmental, where the effect of the postponement of a remedy would be equivalent to a denial of justice altogether. Chief Judge CARDOZO suggested what the answer might be by saying (p. 174): "We might hold not inconceivably that the only effect of the limitation would be to postpone the enforcement of the remedy for damages, and *that the action could still be maintained as one for an injunction merely.*" (Italics supplied.)

Later, in *Realty Associates, Inc.*, v. *Stoothoff* (258 App. Div. 462) the plaintiff instituted the action against the respondents for an injunction and damages based upon the alleged wrongful obstruction of the waters of a stream whereby plaintiff's lands were submerged. On appeal, the plaintiff withdrew its claim for damages. The court pointed out that a serious question was involved as to whether the cross complaints stated a cause of action against the County of Nassau because there was no allegation showing compliance with section 6-a of the County Law, which barred actions against the county until the lapse of three months after the presentation to designated county officers of a written claim and notice of intention to sue. The court, after holding that section 6-a of the County Law, despite its sweeping language, was susceptible of a construction making it inapplicable to actions for purely equitable relief, referred to the question posed by Judge CARDOZO in the *Thomann* case (*supra*) and then said, at page 464: "The question left open in the *Thomann* case has never been settled. We are confronted with it here. The suggestion as to what the Court of Appeals might 'not inconceivably' hold when the question arises is at least a guide to the answer. *We hold that, in spite of the failure to comply with the statute, that part of the cross-action is maintainable in which the respondents seek injunctive relief.*" (Italics supplied.)

Section 6-a of the County Law is a statute, which, broadly speaking, is akin to section 341-b of the Village Law, in that their object is to forewarn of pending or prospective suits against municipalities and the court is of the opinion that the *Stoothoff* case (*supra*), is as applicable in its reasoning to section 341-b of the Village Law as it is to said section 6-a of the County Law.

It follows that the cross motion to strike out the separate defense is granted. This renders it unnecessary to pass on the motion to compel a reply.