JENAD, INC., Plaintiff, *v.* VILLAGE OF SCARSDALE et al., Defendants.

Supreme Court, Westchester County, February 8, 1962.

*Ruskin, Landau & Fischer* for plaintiff. *Richard A. Tilden* for defendants.

CLARE J. HOYT, J. Plaintiff, a builder and developer, in October, 1959, made application to defendant Planning Commission of the Village of Scarsdale for approval of its development plans. Pursuant to a provision of the Scarsdale Village Code, the defendant village required the plaintiff to pay $6,000 to the village for village park, playground and recreational facilities in lieu of such facilities being provided for in the plans of plaintiff. Plaintiff made such payment on October 30, 1959.

In December, 1960, it was held in *Gulest Associates* v. *Town of Newburgh* (25 Misc 2d 1004) that the provisions of section 277 of the Town Law, virtually identical with the provisions of the Code of the Village of Scarsdale, were unconstitutional. Thereafter, on May 10, 1961, plaintiff, by letter directed to the Village of Scarsdale, demanded return of the $6,000. There being no response to said demand, plaintiff instituted this action on September 27, 1961.

Defendants now move under subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the action was not timely instituted in accordance with the provisions of section 341-b of the Village Law.

The gravamen of plaintiff's complaint is an action for money had and received. An action for money had and received is strictly an action at law even though it depends upon the general principles of equity for the maintenance of plaintiff's claim to the money (*Roberts* v. *Ely,* 113 N. Y. 128; *Chapman* v. *Forbes,* 123 N. Y. 532). Money in the hands of another, to which one is equitably entitled, may be recovered by the equitable owner in a common-law action for money had and received (*Roberts* v. *Ely, supra*). The action is based upon a quasi contract. " It is for convenience sometimes classified as an implied contract, but ' in truth it is not a contract or promise at all. It is an obligation which the law creates.' " (*Miller* v. *City of Oneida,* 153 Misc. 438, 440; *Miller* v. *Schoss,* 218 N. Y. 400.)

The defendants contend the complaint must be dismissed since the cause of action accrued on October 30, 1959, some 23 months prior to the institution of the action. Where a cause of action for money had and received is based upon payment of the money under a mistake of law or of fact, the accrual of the cause of action relates back to the time of the original payment, and the Statute of Limitations begins to run from such time (*American*

*Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61; *Cohen* v. *City Co. of N. Y.,* 283 N. Y. 112). The defendants are correct in assuming the cause of action accrued when the money was paid. They then assume further, however, that the action is barred by the provisions of section 341-b of the Village Law. With this, the court does not agree.

The Comptroller of the State of New York (14 Op. St. Compt., 1958, p. 182), has ruled that section 341-b applies only to actions in contract and in tort. " Action for monies had and received is quasi-contractural and arises by operation of law, not upon or out of a contract  *  *  *  this action does not fall within the 341-b limitation." The limitation contained in section 341-b was, in the court's opinion, intended to apply to express contracts and contracts implied from the facts, but not to a quasi contract (*Miller* v. *City of Oneida,* 153 Misc. 438, *supra*). The six-year Statute of Limitations applies to an action for money had and received (Civ. Prac. Act, § 48, subd. 3; *Teall* v. *City of Syracuse,* 120 N. Y. 184).

The purpose of any statute limiting the time to commence an action or to file a claim against a municipality is to protect the municipality from those claims which it ordinarily would be unaware of. Where there can be no possible prejudice to the municipality, it should be considered in determining the reasonable meaning of the statutory scheme (*Soules* v. *City of Rochester,* 10 A D 2d 362; *Sandak* v. *Tuxedo Union School Dist. No. 3,* 308 N. Y. 226). The motion is denied.