OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendant Village of Athens, for an order dismissing the complaint as to it, on the grounds that it fails to state a cause of action as to said Village of Athens, and that the claim for damages is barred by the Statute of Limitations and further barred by plaintiff’s failure to comply with the General Municipal Law.
The underlying action is brought by the plaintiff pursuant to RPAPL article 15 for judgment declaring plaintiff to be the owner in fee of the subject premises and voiding all conveyances arising from a tax sale of the premises pursuant to which the County of Greene became the owner of record thereof by tax deed.
The complaint further alleges that following the conveyance of the subject premises to the County of Greene, the county conveyed such premises and the buildings thereon to the movant herein, Village of Athens, by deed recorded on May 5, 1977 and that the Village of Athens caused the buildings to be demolished by a contractor in August or September of 1977. Plaintiff further seeks a judgment against the defendant Village of Athens for damages in the amount of $500,000 for the alleged unlawful destruction of *493 its premises and the deprivation of plaintiff from the use and occupancy thereof.
The Village of Athens contends that if its conduct was wrongful, then said conduct would constitute a tort and that plaintiff would have to comply with section 50-e of the General Municipal Law and CPLR 9801 which require the service of a notice of claim precedent to the commencement of such action. The Village of Athens further contends that plaintiff has not served a notice of claim and further plaintiff did not commence an action within one year after the destruction of the buildings as required by CPLR 9802.
This court cannot agree with the contentions of the movant-defendant Village of Athens. The primary relief sought in plaintiff’s complaint pursuant to RPAPL article 15 is relief of an equitable nature. The money damages are sought merely incidental to the equitable relief sought. Where the relief demanded is primarily equitable in nature and the monetary relief demanded is merely incidental to the equitable relief sought, the notice of claim provisions of the General Municipal Law and the CPLR do not apply (Fontana v Town of Hempstead, 13 NY2d 1134, 1135; Cooper v Morin, 50 AD2d 32); Since the complaint herein does not primarily seek money damages with equitable relief only incidental thereto, a notice of claim is not a necessary condition precedent to bringing the action (Fontana v Town of Hempstead, supra).
Further, the Statute of Limitations is extended herein where it is alleged that the taxes have in fact been paid and the tax sale was void because such sale was based upon nonpayment of taxes (see Sickler v Doyle, 57 AD2d 1035; Real Property Tax Law, § 1020).
In view of the foregoing, the motion by defendant Village of Athens for an order dismissing the complaint is denied.