OPINION OF THE COURT
David O. Boehm, J.
The defendant, Village of Sodus Point (Village), moves to dismiss the complaint of the plaintiff, Genesee Brewing Company (Genesee), which is suing to recover payments made under the Village’s sewer rent law. By cross motion, Genesee seeks to amend its complaint.
In the middle 1970’s the Village constructed a sewage treatment plant to treat wastewater discharged by its residents and its only industrial user, Genesee. This project was funded in part by a grant made by the Environmental Protection Agency (EPA) pursuant to the Federal Water Pollution Control Act (FWPCA; US Code, tit 33, § 1251 et seq., as amd by 86 US Stat 816).
EPA’s authority to make such grants was subject to certain limitations and conditions. One such condition, added by amendment in 1972, was the so-called industrial cost recovery (ICR) *828 provision, which required the grantee to recover some of the construction cost from the industrial users of the facility (see US Code, tit 33, § 1284, former subd [b], par [1], cl [B]). Under this provision grantees could retain a percentage of the charges collected, but were required to return the remaining percentage to the EPA. In May of 1976 the Village enacted its local sewer rent law, which provided for sewer rents to be paid by all users, and also adopted the ICR formula for payments by industrial users.
On December 27, 1977, Congress amended the FWPCA and established a moratorium on the enforcement of its ICR provisions (91 US Stat 1609). By implementing regulations (40 CFR 35.928) grantees were given the option to postpone collection of ICR payments during the moratorium and collect the total accrued ICR payment at the end of the moratorium, or to collect the ICR payments and hold them in Federally secured accounts pending the termination of the moratorium. Subsequently, Congress extended the moratorium to June 30, 1980 (93 US Stat 1088), and thereafter, on October 21,1980, entirely repealed the ICR collection requirements, effective retroactively to December 27, 1977 (94 US Stat 2360).
During the moratorium period the Village chose to continue collection of the ICR payments. Genesee alleges that between June 30, 1977 and August 4, 1980, it made ICR payments totaling $56,120 to the Village pursuant to the provisions of the local sewer rent law.
On December 11, 1980, the EPA published a notice in the Federal Register regarding the disposition of ICR funds collected before and during the moratorium. That notice provided in part that grantees which had collected ICR payments during the moratorium, “should determine what action is appropriate with respect to those funds. No funds from ICR payments to grantees for treatment works after December 27, 1977, should be paid to EPA.” (45 Fed Reg, No. 240 [Dec. 11, 1980]).
By letter dated March 20, 1981, Genesee demanded that the Village refund all ICR payments made after December 27,1977, plus interest, together with refund of such payments made prior to December 27, 1977, which were not previously expended pursuant to the FWPCA.
On May 28,1981, the Village solicited the opinion of the State Comptroller as to its obligation to refund Genesee’s ICR payments. In reply, on July 20, 1981, an associate counsel of the State Comptroller wrote that an answer to the inquiry required *829 an interpretation of Federal law. Accordingly, the Village solicited the opinion of the EPA which, on August 12, 1981, wrote that ICR payments made for use of a treatment facility prior to December 27, 1977 must be used by the municipality in accordance with EPA-ICR regulations in effect at that time. It noted, “ICR charges for industrial use of a treatment facility after December 27, 1977 are no longer required by Federal law. Therefore, the collection and retention of any ICR charges for industrial use of a treatment facility after December 27, 1977 are solely matters for local decision to be made in accordance with State and local law. Charges collected for industrial use after December 27, 1977 should not be paid to EPA, and may be utilized by the grantee, or returned to the industry, as the grantee deems appropriate.”
Thereafter discussions were had between the parties regarding refund of the ICR payments. The Village assured Genesee that it was making good-faith efforts to resolve the matter, especially the question of its right to make repayment. It also cited other reasons for delay, including the delay of others in responding to Village inquiries, internal difficulties confronting the new Village Board, and the temporary incapacity of the Mayor due to a heart attack. Finally, on October 8, 1982, the Village informed Genesee that it would not refund the ICR payments. Genesee contends that it justifiably relied throughout upon the Village’s representations that it was willing to refund the ICR payments if it was legally authorized or empowered to do so.
Thereafter, on December 1, 1982, Genesee served a notice of claim on the Village, and on December 16, 1982, commenced this action against the Village for refund of ICR payments under State law, asserting four causes of action: unjust enrichment, conversion, violation of section 1983 of title 42 of the United States Code, and violation of the New York State Constitution.
Genesee also brought suit in Federal District Court, asserting five causes of action, the first and second under Federal law for violation of section 1983 of title 42 of the United States Code and claiming that recoupment of the ICR payments was implicit in the law which repealed the ICR collection requirements (94 US Stat 2360). The remaining three causes of action were based on State law (unjust enrichment, conversion and violation of the New York State Constitution, respectively) and were asserted under the principle of pendent jurisdiction.
On August 3, 1983, the Federal action was dismissed for failure to state a claim upon which Federal relief could be *830 granted, the District Court holding that Federal law did not compel the Village to refund the ICR payments (Genesee Brewing Co. v Village of Sodus Point, US Dist Ct, WDNY, Aug. 2, 1983). In affirming (733 F2d 258 [CA2d]), the Court of Appeals upheld the District Court’s finding that no Federal right was involved, but noted that lack of subject matter jurisdiction was a more appropriate ground for dismissal than, what it termed, the “secondary reason to dismiss” relied on by the lower court (733 F2d, at p 259).
In this motion the Village seeks dismissal of the complaint on various grounds: res judicata, failure to comply with the notice of claim and Statute of Limitations provisions in CPLR 9802, and the failure to make the ICR payments under protest.
The doctrine of res judicata, collateral estoppel or issue preclusion bars relitigation of issues previously adjudicated (Matter of American Iris. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184, 189, n 2). It applies when the issue as to which preclusion is sought is identical to the issue decided in the prior proceeding, the issue was necessarily decided in the prior proceeding, and the litigant sought to be precluded had a full and fair opportunity to litigate (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17-18; see, also, Gilberg v Barbieri, 53 NY2d 285, 291). The burden of establishing the first two elements rests upon the proponent for preclusion; it is the opponent’s burden to establish the lack of a full and fair opportunity (Capital Tel. Co. v Pattersonville Tel. Co., supra, p 18; Matter of Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 73).
Paragraph 15 of the State and Federal complaints contains identical language: “[t]he retroactive effect of the repeal, and its legislative history, evince Congress’ intention that ICR funds collected pursuant to Federal regulation, and not properly expended pursuant to Section 204 of the Federal Clean Water Act and its implementing regulations, be returned to the payors.” The thrust of this allegation is that Federal law requires the return of ICR payments, which as it turned out is not so. This issue is identical to the one decided by the Federal court and was necessarily decided there. Lastly, Genesee clearly had the opportunity to contest the issue. Therefore, the actions of unjust enrichment, conversion, and violation of section 1983 of title 42 of the United States Code being premised upon the same allegation in both complaints, must be dismissed.
The fourth cause of action alleges that the Village’s sewer rent law is void under the New York State Constitution. Since it does not depend upon the paragraph 15 allegation, issue preclusion *831 does not bar it. Furthermore, as the District Court emphasized in its decision, “[t]he local ordinance under which the ICR payments were collected was enacted pursuant to State law. If plaintiff is entitled to a refund of these payments, it is State law which must provide the remedy.” (Genesee Brewing Co. v Village of Sodus Point, slip opn, supra, p 6). It may be concluded that the dismissal by that court was without prejudice to any claim the plaintiff might have under State law (see McLearn v Cowen & Co., 60 NY2d 686), and the Village’s motion to dismiss this cause of action on res judicata grounds is denied.
The Village also argues that Genesee’s failure to comply with the requirements of CPLR 9802, which sets forth time limits for notices of claim to be filed and actions commenced against villages, mandates dismissal. Its position assumes that Gene-see’s claim accrued upon the repeal of the ICR requirements on October 21, 1980. As to this, Genesee contends that no notice of claim is required, that if it is, the action is nevertheless timely, and that in any event the Village is estopped from raising the requirements of CPLR 9802.
To support its position that a notice of claim is not required under CPLR 9802, Genesee cites an opinion of the State Comptroller (14 Opns St Comp, 1958, p 182) declaring that former section 341-b of the Village Law (as amd by L 1945, ch 694, § 9), subsequently reenacted as CPLR 9802 in substantially the same form, does not apply to an action for refund of taxes illegally or erroneously collected because of mutual mistake of fact. However, a cover letter from the office of the State Comptroller accompanying the opinion contains the following caveat: “Please be advised that this opinion is no longer valid because of Article 5 of the Real Property Tax Law and § 9802 of the CPLR.” Accordingly, that opinion is no longer authority for the position cited.
CPLR 9801 sets forth the procedure by which actions against villages for personal injury or injury to property are commenced. CPLR 9802 governs the maintenance of contract actions against villages, and also provides that “no other action shall be maintained against (a) village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law” (emphasis added). The “no other action” language contained in CPLR 9802 seems to permit no exceptions and its predecessor, former section 341-b of the Village Law, has been so interpreted (see Schenker v Village of Liberty, 261 App Div 54, affd 289 NY 788; Harrigan v Village of Delhi, 34 NYS2d 168; Village of Fleischmanns v Silberman, 15 NYS2d 904; see, also, Village of Victor v Angelo, 13 AD2d 889).
*832 There is lower court authority for the proposition that CPLR 9802 and its predecessor, former section 341-b of the Village Law, are inapplicable in certain types of actions (S.A.B. Enterprises v Stewart’s Ice Cream Co., 113 Misc 2d 492 [action to determine a claim to real property under RPAPL art 15]; Jenad, Inc. v Village of Scarsdale, 35 Misc 2d 450 [action for money had and received]; Pansmith v Incorporated Vil. of Is. Park, 188 Misc 1052 [injunction action]; Bochino v Palmer, 203 NYS2d 301 [action to determine whether an agreement violated New York State Constitution]). However, an examination of the authorities relied upon by these cases makes their holdings less persuasive. S.A.B. Enterprises v Stewards Ice Cream Co. (supra), relied on such cases as Fontana v Town of Hempstead (13 NY2d 1134) and Cooper v Morin (50 AD2d 32) which interpreted the notice of claim provisions contained in section 50-e of the General Municipal Law and section 67 of the Town Law. These do not contain the broad “no other action” language appearing in CPLR 9802. Jenad, Inc. v Village of Scarsdale (supra) relies on the dubious authority of the foregoing State Comptroller’s opinion (14 Opns St Comp, 1958, p 182), as well as Miller v City of Oneida (153 Misc 438) which construed a provision of the Oneida City Charter. Bochino v Palmer (supra) relies on Missall v Palma (266 App Div 861, affd 292 NY 563) which interpreted the Administrative Code of the City of New York, Village of Victor v Angelo (14Misc 2d 577, revd 13 AD2d 889), and Pansmith v Incorporated Vil. of Is. Park (supra).
The Pansmith case (supra), which was substantially relied upon by the State Comptroller (14 Opns St Comp, 1958, p 182), held that the “no other action” language contained in former section 341-b of the Village Law (as amd by L 1937, ch 745) was not intended to apply to actions for injunctive relief where damages are not sought. There is, however, appellate authority which suggests that exceptions from the notice of claim requirements should be limited only to those instances in which compliance would prevent obtaining the relief required because of the immediacy the relief warranted (see Salesian Soc. v Village of Ellenville, 41 NY2d 521, 525; Thomann v City of Rochester, 256 NY 165; Schenker v Village of Liberty, 261 App Div 54, affd 289 NY 788, supra). Such circumstances are not present in this case.
In conclusion, because of the plain language of CPLR 9802 and the appellate authority interpreting the all-inclusive nature of such language, there must be compliance with the notice of claim provisions. Although the Court of Appeals recently held that no notice of claim need be filed in an action for the refund of *833 a void tax (Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262), that decision is not dispositive in this case because it involved the notice of claim provisions contained in section 3813 of the Education Law rather than the provisions in CPLR 9802, which are at issue here.
As a general rule, a claim against a municipality accrues when it refuses to either make payment or to resolve a dispute (Matter of City of White Plains v City of New York, 63 AD2d 396, 403, mot for lv to app den 46 NY2d 707; Acme Bldrs. v County of Nassau, 36 AD2d 317, affd 31 NY2d 924; see, also, Memphis Constr. v Village of Moravia, 59 AD2d 646). In this case, although the ICR collection requirements were repealed on October 21,1980, the Village did not inform Genesee of its refusal to refund ICR payments until October 8, 1982. The claim, therefore, did not accrue until then. Service of the notice of claim on December 1,1982 was thus within the 90-day period required by both CPLR 9802 and section 50-e of the General Municipal Law, and is therefore timely.
Commencement of the action on December 16,1982, was also timely, falling well within the one-year limitation period imposed by CPLR 9802. However, CPLR 9802 requires that “no action shall be brought upon any such claim until [40] days have elapsed after the filing of the claim”. This was concededly not done here. Failure to comply with this requirement may be remedied, however, by service of an amended complaint which alleges that more than 40 days have elapsed without settlement of the claim (see Widger v Central School Dist. No. 1, 18 NY2d 646).
The foregoing disposition makes it unnecessary to reach the question of estoppel and Genesee’s application to amend its complaint to plead it as a bar to the Village’s defense of noncompliance becomes unnecessary.
Lastly, the Village contends that Genesee’s failure to allege payment under appropriate protest requires dismissal. Since recovery of taxes or fees may be had without protest where the tax has been paid due to a material mistake of fact (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 425), the Village’s contention presupposes that the payments here were made under mistake of law. Generally, the voluntary payment of a tax or fee may not be recovered, and when payment is made under mistake of law by a person with actual or constructive knowledge of the facts which render an assessment void, it is incumbent upon such person to demonstrate that payment was *834 made involuntarily (City of Rochester v Chiarella, 58 NY2d 316, 323; Adrico Realty Corp. v City of New York, 250 NY 29, 32; Matter of Village of Delhi, 201 NY 408, 414). Protest made at the time of payment will ordinarily suffice to show the involuntary nature of the payment (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 425, supra).
Generally, cases dealing with payments made under mistake of law involve instances where the law upon which the assessment is based is subsequently held to be illegal (see City of Rochester v Chiarella, 58 NY2d 323, supra). It is in such cases that taxpayers with actual or constructive knowledge of the facts which render the assessment void are barred from obtaining a refund unless the payment has been shown to be involuntary (e.g., through protest or duress). The concept of knowledge in this regard has been broadly interpreted. Ignorance of the law is no excuse; a taxpayer is charged with knowledge of the law, including subsequent judicial interpretation thereof (see Mercury Mach. Importing Corp. v City of New York, 3 NY2d 429-430, supra; see, also, Adrico Realty Corp. v City of New York, supra).
But here the payments were not made under mistake of law. Genesee’s claim is not based upon the illegality of the ICR provisions. Rather, the gravamen of Genesee’s action is that the retention of the payments following the retroactive repeal of the ICR provisions is illegal. To hold that protest was required at the time payment was made as a prerequisite to recovery would, in effect, charge Genesee not simply with knowledge of existing law, but with the knowledge that future legislative acts would change the law. In this situation the protest requirement is clearly inapplicable.
By its cross motion, Genesee also seeks to amend its complaint to delete the third cause of action in the original complaint, alleging violation of section 1983 of title 42 of the United States Code; to delete the allegation contained in paragraph 15 in the original complaint regarding Congress’ intention that ICR payments collected during the moratorium be returned; and to add a cause of action for moneys had and received and another for breach of agreement.
The Village contends that the proposed fifth cause of action for breach of agreement is untimely and cannot be deemed to have been interposed at the time of the claims in the original complaint because that pleading failed to give notice of the transactions or occurrences out of which it arose. An action against a village based upon a contract must be commenced within 18 months after the cause of action accrued (CPLR 9802). As *835 previously discussed, the action here accrued on October 8,1982, when the Village informed Genesee that it would not return the ICR payments (see Arnell Constr. Corp. v Village of North Tarrytown, 100 AD2d 562, 563). Since more than 18 months have elapsed, Genesee’s new claim would be timely only if the original complaint gave the Village sufficient notice of the transactions out of which this claim for breach of agreement arose (CPLR 203, subd [e]; see Citibank [N. Y. State] v Suthers, 68 AD2d 790, 796; Bilhorn v Farlow, 60 AD2d 755). The original complaint does not contain allegations regarding such transactions or occurrences which would support this new claim and, therefore, the motion to amend the complaint to add this cause of action must be denied.
The conversion and unjust enrichment causes of action in the proposed amended complaint are based upon State common law rather than upon any claimed Federal remedies, thereby avoiding the previous infirmity which required dismissal. Plaintiff’s motion to amend its complaint to include these causes of action is, therefore, granted.