# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**705**

**CA 14-00288**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

TOWN OF MACEDON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VILLAGE OF MACEDON, DEFENDANT-APPELLANT.

---

HARRIS, CHESWORTH, O'BRIEN, JOHNSTONE & WELCH, LLP, ROCHESTER (EUGENE WELCH OF COUNSEL), FOR DEFENDANT-APPELLANT.

ANTHONY J. VILLANI, P.C., LYONS (ANTHONY J. VILLANI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered April 11, 2013. The order granted the application of plaintiff for a preliminary injunction and denied the cross motion of defendant to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, Town of Macedon (Town), commenced this action seeking to enjoin defendant, Village of Macedon (Village), from terminating sewer service to the sewer units located within the Town. The Town also sought, "and/or," to require the Village continue to provide such service for reasonable compensation until the Town and the Village could agree on a contract pertaining to such service or until a court decided the rights and liabilities of the parties. The parties previously had executed an Intermunicipal Agreement for Sewage Treatment (Agreement), pursuant to which the Village provided sewage treatment services for 575 Town residents. The Agreement was set to expire by its terms in December 2012. As the expiration date approached, representatives from the Town and Village began discussing the possibility of either a replacement agreement or an interim agreement. The Village took the position that, when the Agreement expired, the Town's "rights under the [Agreement] expire[d]." The Village informed the Town that, if the Town refused to make payments for services after January 1, 2013, then the "current sewage treatment provided by the Village cannot continue[;] . . . no payment, no services rendered." The Town, however, contended that it could "make no payments to anyone in the absence of a contract." Shortly thereafter, the Town commenced this action. The Town also applied for a preliminary injunction seeking the same relief pending the determination of the action.

The Village opposed the application for a preliminary injunction and cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (5). Specifically, the Village contended that the action was barred by CPLR 9802 because the complaint was filed after the expiration of the statute of limitations and, further, because the Town failed to file a notice of claim related to this action. Supreme Court deemed the cross motion to apply to the amended complaint that was thereafter served by plaintiff, and the court granted the preliminary injunction and denied the cross motion. We now affirm.

We note at the outset that the Village's sole ground in opposition to the application for a preliminary injunction and in support of its cross motion was its contention that the action is barred by CPLR 9802. That section provides, in relevant part, that "no action shall be maintained against the village upon or arising out of a contract of the village unless the same shall be commenced within eighteen months after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within one year after the cause of action shall have accrued, and no other action shall be maintained against the village unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. The omission to present a claim or to commence an action thereon within the respective periods of time above stated applicable to such claim[] shall be a bar to any claim or action therefor against said village; but no action shall be brought upon any such claim until forty days have elapsed after the filing of the claim in the office of the village clerk."

The Village contends, as it did in opposition to the application for a preliminary injunction and in support of its cross motion to dismiss pursuant to CPLR 3211 (a) (5), that the action is time-barred under the strict statute of limitations contained in CPLR 9802. Specifically, the Village takes the position that the Town's action is based on an alleged breach of the Agreement, and any cause of action for such a breach would have accrued in 1989 when the Village failed to provide the Town with documentation concerning the Town's alleged ownership interest in the sewage treatment plant. The Town, however, responds that the instant action is not an action arising out of a contract but, rather, it is an action for a permanent injunction. The Town thus contends that the cause of action for a permanent injunction accrued when the Village threatened to terminate sewer service two weeks before the action was commenced.

"Although it is permissible to plead a cause of action for a permanent injunction . . . , permanent injunctive relief is, at its core, a remedy that is dependent on the merits of the substantive claims asserted" (*Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 368, *mod on other grounds* 18 NY3d 777, *rearg denied* 19 NY3d 937; *see Weinreb v 37 Apts. Corp.*, 97 AD3d 54, 59). Indeed, "injunctive relief is simply not available when the plaintiff does not have any substantive cause of action" (*Weinreb*, 97 AD3d at 58). Here, the Town seeks a permanent injunction based on its contentions that the Village improperly

threatened to discontinue sewage treatment service without reasonable notice (*see* 1983 Opns St Comp No. 83-200), and violated the Agreement when it refused to acknowledge the Town's ownership interest and to transfer proportional ownership to the Town. Inasmuch as this is a CPLR 3211 motion to dismiss, we must "[a]ccept[] the allegations in the [amended] complaint as true and accord[ ] [the Town] the benefit of every favorable inference" (*190 Murray St. Assoc., LLC v City of Rochester*, 19 AD3d 1116, 1116, citing *Leon v Martinez*, 84 NY2d 83, 87-88). The Town alleged that its cause of action for a permanent injunction accrued when the Village threatened to terminate sewage treatment services to the Town, i.e., when the Village first acted inconsistently with the provisions of the Agreement. Until that time, the Village had no " 'liability for [the] wrong' " (*Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 403). We thus conclude that the Town's allegations are sufficient to establish that the action is timely whether using the 18-month statute of limitations for actions "arising out of a contract" or the one-year statute of limitations for all other actions against a Village (CPLR 9802).

The Village further contends that this action is barred under CPLR 9802 because the Town failed to file the requisite notice of claim and is now time-barred from doing so. While we agree with the Village that the notice of claim requirements of CPLR 9802 apply to all actions, including actions in equity (*see Genesee Brewing Co. v Village of Sodus Point*, 126 Misc 2d 827, 831-833, *affd for reasons stated* 115 AD2d 313; *see also Mendik v Incorporated Vil. of Lattingtown*, 76 AD3d 616, 618; *Greco v Incorporated Vil. of Freeport*, 223 AD2d 674, 674), we agree with the Town that an exception to the notice of claim requirement exists where "compliance would prevent obtaining the relief required because of the immediacy [of] the relief warranted" (*Genesee Brewing Co.*, 126 Misc 2d at 832). Here, the Village threatened termination of sewage treatment services only two weeks before the Agreement was set to expire, and the Town contends that it was thus unable to wait the statutory 40 days between filing a notice of claim and commencing this action.

The Village also contends that the need for immediate relief was caused by the Town itself. While such a contention may ultimately have merit, we conclude that the Town sufficiently alleged that it was faced with an immediate need for relief and, therefore, the court properly denied the Village's cross motion (*see 190 Murray St. Assoc., LLC*, 19 AD3d at 1116; *see generally Leon*, 84 NY2d at 87-88).

In opposing the application for a preliminary injunction, the Village contended only that there was not a likelihood of success on the merits because the action was barred under CPLR 9802. Inasmuch as we have concluded that the Town's allegations, if true, are sufficient to establish that the action is not barred by CPLR 9802, we conclude that the court did not abuse its discretion in granting the Town's application for a preliminary injunction (*see generally Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212,

216).

Frances E. Cafarell
                                                                        Clerk of the Court