EnergyMark, LLC v New Wave Energy Corp. (2020 NY Slip Op 04648)





EnergyMark, LLC v New Wave Energy Corp.


2020 NY Slip Op 04648


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


247 CA 19-00731

[*1]ENERGYMARK, LLC, PLAINTIFF-APPELLANT,
v
NEW WAVE ENERGY CORP., NICHOLAS JERGE, JOHN LUDTKA, JAMES JERGE AND NATHAN GEARY, DEFENDANTS-RESPONDENTS. 






COLLIGAN LAW LLP, BUFFALO (KEVIN T. O'BRIEN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
THE KNOER GROUP, PLLC, BUFFALO (ALICE J. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered March 19, 2019. The order, among other things, granted defendants' motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff and defendant New Wave Energy Corp. (New Wave) are competing energy suppliers. After New Wave began soliciting plaintiff's clients, plaintiff commenced an action against New Wave and two of its officers, asserting causes of action for, among other things, tortious interference with contractual relations, wrongful inducement of a breach of contract and unjust enrichment. Following a motion seeking dismissal of that complaint pursuant to CPLR 3211 and 3212, Supreme Court dismissed the complaint in its entirety. Plaintiff thereafter commenced this action against the same three defendants as well as two other officers of New Wave. The complaint again asserted causes of action for wrongful and intentional interference with contractual relations, wrongful inducement of a breach of contract, unjust enrichment and permanent injunction. We conclude that, pursuant to CPLR 3211 (a) (7), Supreme Court properly granted defendants' motion to dismiss the complaint on the ground that it failed to state a cause of action.
Contrary to plaintiff's contention, defendants' motion specifically sought dismissal under CPLR 3211 (a) (7), and the court did not improperly convert the motion into one for summary judgment when it concluded that "the current complaint and the documents attached thereto fail to establish that defendants committed an actionable wrong." The court limited its analysis to the contents of the complaint and its attachments, which is the hallmark of a CPLR 3211 (a) (7) determination (see generally Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
It is well settled that "[a] motion to dismiss under CPLR 3211 (a) (7) may be granted when exhibits attached to the complaint conclusively establish[ ] that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it" (McMahan v McMahan, 131 AD3d 593, 594 [2d Dept 2015] [emphasis added and internal quotation marks omitted]; see Omar v Moore, 171 AD3d 1533, 1533-1534 [4th Dept 2019]). Here, the complaint and attached exhibits conclusively establish that there was no underlying breach of the contracts between plaintiff and its customers and, as a result, a fact material to the substantive causes of action asserted by plaintiff, i.e., a breach of the contracts between plaintiff and its customers (see Lama Holding Co. v Smith Barney, Inc., 88 NY2d 413, 425 [1996]; Israel [*2]v Wood Dolson Co., 1 NY2d 116, 120 [1956]) or conduct by defendants that was otherwise "tortious or fraudulent" with respect to the contractual relationships between plaintiff and its customers (Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], rearg denied 31 NY2d 709 [1972], cert denied 414 US 829 [1973]), cannot be established.
Inasmuch as "injunctive relief is simply not available when the plaintiff does not have any remaining substantive cause of action" (Weinreb v 37 Apts. Corp., 97 AD3d 54, 58-59 [1st Dept 2012]; see Town of Macedon v Village of Macedon, 129 AD3d 1639, 1641 [4th Dept 2015]), the dismissal of all of the substantive causes of action mandated dismissal of the permanent injunction cause of action.
Based on our determination, we do not address plaintiff's remaining contention.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court